1 | JACOB M. HARPER (State Bar No. 259463)
    jacobharper@dwt.com
2 | JAMES H. MOON (State Bar No. 268215)
    jamesmoon@dwt.com
3 | PETER K. BAE (State Bar No. 329158)
    peterbae@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
5 | 865 South Figueroa Street, 24th Floor
   Los Angeles, California  90017-2566
6 | Telephone:  (213) 633-6800
7 | Fax:  (213) 633-6899

8 | Attorneys for Defendants
   RALPHS GROCERY COMPANY AND
9 | THE KROGER CO.

10 |

11 |                 UNITED STATES DISTRICT COURT

12 |                CENTRAL DISTRICT OF CALIFORNIA

13 |                        WESTERN DIVISION

14 |

15 | YOSUKE HIRADATE, an individual, on     Case No.   2:22-cv-3593
    behalf of himself and all others similarly
16 | situated,                              **DEFENDANTS' NOTICE OF
                                           REMOVAL**
17 |                 Plaintiff,
                                           [From the Superior Court of California,
18 |        vs.                            County of Los Angeles, No.
                                           21TRCV00301]
19 |
    RALPHS GROCERY COMPANY, an
20 | Ohio Corporation; THE KROGER           Compl. Filed:          April 19, 2021
    COMPANY, an Ohio Corporation; and     Amend. Compl. Filed:   April 25, 2022
21 | DOES 1-50, inclusive,                  Action Removed:        May 25, 2022

22 |                 Defendants.

23 |

24 |

25 |

26 |

27 |

28 |

---
DEFENDANTS' NOTICE OF REMOVAL

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS**:

**PLEASE TAKE NOTICE** that Defendants Ralphs Grocery Company and The Kroger Co. (collectively, Defendants) hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  Defendants are entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

<u>State Court Action</u>

1.      On April 19, 2021, Plaintiff Yosuke Hiradate commenced an individual action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Hiradate v. Ralphs Grocery Co., et al.*, Case No. 21TRCV00301 (the State Court Action).  A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint).

2.      On July 7, 2021, Defendants filed a demurrer to the Complaint.  A true and correct copy of the demurrer is attached hereto as **Exhibit 10**.  Mr. Hiradate filed a First Amended Complaint (FAC) on January 20, 2022.  A true and correct copy of the FAC is attached hereto as **Exhibit 16**.  On April 25, 2022, Mr. Hiradate filed the operative Second Amended Complaint (SAC).  A true and correct copy of the SAC is attached hereto as **Exhibit 27**.  Mr. Hiradate served the SAC on Defendants that day.

3.      In the SAC, Mr. Hiradate alleges that he purchased a $500 gift card from a Ralphs store, but that third parties defrauded him and Defendants by tampering with the gift card prior to the sale, rendering it worthless.  (SAC ¶¶ 10–11.)  When Mr. Hiradate reported the fraud, a store employee assisted him in attempting to obtain a refund from the bank that issued the gift card.  (*Id.* ¶ 11.)  Even so, Mr. Hiradate claims Defendants should have done more to prevent the third parties' fraudulent scheme.  (*Id.* ¶ 23.)  For the first time in the SAC, Mr. Hiradate now brings these claims on behalf of a putative nationwide class of "all

persons who purchased a gift card from Ralph's and/or Kroger . . . who were not able to utilize the total monetary amount of gift card value purchased[.]" (*Id.* ¶ 25.) Mr. Hiradate seeks restitution, damages, and injunctive relief, among other things. (*Id.* at p. 16.)

4. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Defendants in the State Court Action or found on the docket in the State Court Action are attached hereto.

a. The Complaint is attached hereto as **Exhibit 1**;

b. The Summons is attached hereto as **Exhibit 2**;

c. The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

d. The Notice of Case Assignment is attached hereto as **Exhibit 4**;

e. The April 21, 2021 Order to Show Cause re. Failure to File Proof of Service is attached hereto as **Exhibit 5**;

f. The April 21, 2021 Notice of Case Management Conference is attached hereto as **Exhibit 6**;

g. Plaintiff's April 27, 2021 Proof of Personal Service on Kroger is attached hereto as **Exhibit 7**;

h. Plaintiff's April 27, 2021 Proof of Personal Service on Ralphs is attached hereto as **Exhibit 8**;

i. Defendants' June 4, 2021 Declaration of Jacob Harper re. Inability to Meet and Confer is attached hereto as **Exhibit 9**;

j. Defendants' July 7, 2021 Demurrer to Complaint is attached hereto as **Exhibit 10**;

k. Defendants' July 7, 2021 Declaration of Jacob Harper in support of Demurrer is attached hereto as **Exhibit 11**;

l. Plaintiff's July 8, 2021 Request for Entry of Default is attached hereto as **Exhibit 12**;

DEFENDANTS' NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

m.  Plaintiff's July 13, 2021 Certificate of Mailing is attached hereto as **Exhibit 13**;

n.  The Clerk's July 13, 2021 Notice of Rejection of Electronic Filing re. Plaintiff's Request for Entry of Default is attached hereto as **Exhibit 14**;

o.  Defendants' September 22, 2021 Notice re. Order Continuing Case Management Conference and Hearing on Demurrer is attached hereto as **Exhibit 15**;

p.  Plaintiff's First Amended Complaint is attached hereto as **Exhibit 16**;

q.  Plaintiff's January 24, 2022 Case Management Statement is attached hereto as **Exhibit 17**;

r.  Defendants' January 25, 2022 Case Management Statement is attached hereto as **Exhibit 18**;

s.  Defendants' January 25, 2022 Notice of Non-Opposition to Demurrer to Complaint is attached hereto as **Exhibit 19**;

t.  Plaintiff's January 26, 2022 Notice of Timely Filing and Service of First Amended Complaint is attached hereto as **Exhibit 20**;

u.  The Court's February 2, 2022 Minute Order re. Case Management Conference is attached hereto as **Exhibit 21**;

v.  Defendants' February 24, 2022 Declaration of Jacob Harper re. Inability to Meet and Confer is attached hereto as **Exhibit 22**;

w.  Plaintiff's March 11, 2022 Substitution of Attorney is attached hereto as **Exhibit 23**;

x.  The April 1, 2022 Stipulation to Extend Deadline to Respond to First Amended Complaint is attached hereto as **Exhibit 24**;

y.  The April 8, 2022 Notice of Continuance is attached hereto as **Exhibit 25**;

DEFENDANTS' NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

z.   The April 14, 2022 Stipulation to Extend Deadline to Respond to First Amended Complaint is attached hereto as **Exhibit 26**;

aa.   Plaintiff's Second Amended Complaint is attached hereto as **Exhibit 27**;

bb.   Defendants' May 17, 2022 Case Management Statement is attached hereto as **Exhibit 28**;

cc.   Plaintiff's May 17, 2022 Case Management Statement is attached hereto as **Exhibit 29**;

dd.   The Notice to Plaintiff is attached hereto as **Exhibit 30**; and

ee.   A copy of the docket in the State Court Action is attached hereto as **Exhibit 31**.

5.    The State Court Action is removable to this Court because the Court has original jurisdiction and the Central District of California encompasses the location in which the State Court Action is currently pending (i.e., Los Angeles, California).  *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which  . . . any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

## **The Action Is Removable Under the Class Action Fairness Act, 28 U.S.C. § 1332(d)**

6.    This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA).  CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they

DEFENDANTS' NOTICE OF REMOVAL

have national consequences."  151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance . . . ."  28 U.S.C. § 1711, stat. note, subd. (b)(2).

7.     "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8.     CAFA extends federal jurisdiction over class actions where:  (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies.  *See* 28 U.S.C. § 1332(d).  As explained below, each of these requirements is satisfied in this case.

### The Minimal Diversity Requirement Is Satisfied

9.     A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).

10.     Mr. Hiradate is a citizen and resident of California.  (SAC ¶ 3.)  The putative nationwide class Mr. Hiradate seeks to represent comprises citizens of any and all states.  (*Id.* ¶ 25.)

11.     Ralphs and Kroger are corporations incorporated in Ohio and have their principal places of business in Cincinnati, Ohio.  A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Thus, Ralphs and Kroger are citizens of Ohio for determining minimal diversity.

12.     Therefore, sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Plaintiff's Proposed Class Exceeds 100 Members*

13.     This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."

14.     To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100.  28 U.S.C. § 1332(d)(5)(B).

15.     Mr. Hiradate seeks to represent a class composed of "[a]ll persons who purchased a gift card from a Ralph's [*sic*] and/or Kroger store, for a specified monetary amount, and who were not able to utilize the total monetary amount of gift card value purchased, because the total monetary amount was not available on the gift card after purchase."  (SAC ¶ 25.)

16.     According to Mr. Hiradate's SAC, more than 1,000 persons purchased such gift cards.  (*Id.* ¶ 26.)

17.     Therefore, according to the SAC, the members of Mr. Hiradate's proposed class exceed 100.

*The Amount in Controversy Exceeds $5 Million*

18.     Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84.  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

19.     For purposes of removal only, and without conceding that Mr. Hiradate or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the SAC, exceed the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (alterations and quotations omitted).

20.     The SAC seeks "restitution and disgorgement of the money and property" Defendants obtained based on the conduct alleged in the SAC, which includes sales of gift cards ranging up to $500 nationwide, and over an unspecified period of time.  (SAC at p. 16.)  The SAC also seeks "general damages" and "special damages."  (*Id.*)  During the period 2017 through 2021, which is the time period for this complaint, Defendants have sold gift cards with total sales of at least $2.5 million for the period.  Thus, without conceding that Mr. Hiradate's alleged measure of damages would be the proper measure of relief for any of his claims, or that he or any putative plaintiff are entitled to any relief, based on Defendants sales of gift cards nationwide over the past four years, it is reasonably possible that disgorgement or compensatory damages would exceed $2,500,000 in liability.

21.     The SAC also seeks "exemplary damages."  (SAC at p. 16.)  Juries regularly award exemplary or punitive damages in cases involving CLRA claims at ratios higher than 1:1 compared to compensatory damages.  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (holding defendant satisfied its burden of establishing the amount in controversy on removal "by citing four cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA").  Thus, without conceding that Mr. Hiradate's alleged measure of damages would be the proper measure of relief for any of his claims, or that he or any putative plaintiff are entitled to any relief, it is reasonably possible that Defendants could be liable for punitive damages exceeding $2,500,000.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

22.     The SAC also seeks attorneys' fees.  (SAC at p. 16.)  In the Ninth Circuit, likely attorneys' fees should also be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).  A removing defendant can establish the likely attorneys' fees by identifying cases in which plaintiff's counsel has requested similar fees.  *See Greene*, 965 F.3d at 774 n.4 ("Based on [defendant's] evidence that [plaintiff's] attorney sought 35 percent in a similar case, it is reasonable to assume that [plaintiff's] attorney would seek fees equal to 25 percent of the amount in controversy if he were to prevail.").  Mr. Hiradate's attorneys have sought attorneys' fees equal to 25 percent of the common fund in other class actions involving claims under the UCL, CLRA, FAL, and implied warranty of merchantability.  *See, e.g.*, *In re MagSafe Apple Power Adapter Litig.*, 2015 U.S. Dist. LEXIS 11353, at *46 (N.D. Cal. Jan. 30, 2015); *In re Toll Rds. Litig. Penny Davidi Borsuk*, 2021 U.S. Dist. LEXIS 248189, at *27 (C.D. Cal. May 5, 2021).  Accordingly, attorneys' fees in the amount of 25 percent of the possible common fund should be included in the amount in controversy here. Because it is reasonably possible that the common fund could amount to at least $5,000,000 (compensatory and punitive damages) attorneys' fees would amount to at least $1,250,000.  This comports with numerous class action cases involving California consumer protection statute causes of action (such as claims under the CLRA, the UCL, and warranties) and allegations of false or misleading sales practices, where attorneys have sought in excess of $1,250,000 million in attorneys' fees.  *See, e.g., Hendricks v. Starkist Co.*, 2016 WL 5462423 (N.D. Cal. Sep. 29, 2016) (UCL, CLRA, false advertising, and implied warranty consumer protection class action; seeking approval of $4 million in fees); *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA consumer protection class action; seeking approval in excess of $3 million in fees); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

23.     In sum, based on Mr. Hiradate's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

### *Exceptions to Jurisdiction Do Not Apply*

24.     The complete diversity between Mr. Hiradate and Defendants not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exemptions for which Mr. Hiradate would bear the burden of proof in any event.

### Kroger Satisfies the Requirements of 28 U.S.C. § 1446

25.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

26.     This Notice of Removal has been filed within 30 days of service of the SAC on Defendants, from which it was first ascertainable that this case was removable pursuant to CAFA.  *See* 28 U.S.C § 1446(b)(2)(3).  Because the SAC is the first pleading to bring claims on behalf of a putative class, the one-year limitation to removal under 28 U.S.C. § 1446(c)(1) does not apply.  *See* 28 U.S.C. § 1453(b).

27.     Concurrently with the filing of this Notice, Defendants will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles.  *See* 28 U.S.C. § 1446(d).

28.     Defendants do not waive and expressly preserve all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     WHEREFORE, Defendants remove the State Court Action to this Court.

2

3   DATED: May 25, 2022                    DAVIS WRIGHT TREMAINE LLP
                                           JACOB M. HARPER
4                                          JAMES H. MOON
                                           PETER K. BAE
5

6                                          By: /s/ Jacob M. Harper
                                               Jacob M. Harper
7
                                           Attorneys for Defendants
8                                          Ralphs Grocery Company and The
                                           Kroger Co.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2021 12:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
211RCV00301

Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

1 | Michael Louis Kelly, State Bar No. 82063
mlk@kirtlandpackard.com
2 | Joshua A. Fields, State Bar No. 242938
jf@kirtlandpackard.com
3 | KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway
4 | Redondo Beach, California 90277
Tel: (310) 536-1000 / Fax: (310) 536-1001

5 | *Counsel for Plaintiff Yosuke Hiradate*

6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

9

10 | YOSUKE HIRADATE,                              Case No.  **21TRCV00301**

11 |            Plaintiff,                          **COMPLAINT FOR DAMAGES AND
                                                    PERMANENT INJUNCTIVE RELIEF:**
12 |       v.

13 | RALPH'S GROCERY COMPANY, an Ohio              1. **Violation of California's Unfair
Corporation; THE KROGER COMPANY, an                  Competition Law ("UCL"); Bus. &
14 | Ohio Corporation; and DOES 1-50, inclusive,     Prof. Code § 17200 *et seq.***
                                                    2. **Violation of California's Consumer
15 |            Defendants.                             Legal Remedies Act ("CLRA"); Cal.
                                                         Civil Code §1750 *et seq.***
16 |                                                 3. **Violation of California's False
                                                         Advertising Law ("FAL"), Bus & Prof.
17 |                                                     Code § 17500 *et seq.***

18 |                                                 **JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

1

COMPLAINT

Plaintiff YOSUKE HIRADATE ("Plaintiff" or "Mr. Hiradate") alleges as follows:

**THE PARTIES**

1.       Plaintiff, at all relevant times herein, was and is a citizen and resident of Los Angeles County, California.  On December 21, 2019, Plaintiff visited Ralph's Grocery Store located at 1770 Carson Street in Torrance, California, and purchased a $500 Visa Gift Card, as confirmed on the receipt.  Plaintiff also incurred a $5.95 Gift Card activation fee.  As soon as Plaintiff returned home, he opened the Gift Card package and checked the balance for the first time, prior to using the Gift Card. Plaintiff was shocked to learn the Gift Card he had just paid Ralph's $500 for actually had zero value. Plaintiff quickly returned to the Ralph's store that day to get an explanation for why the Gift Card had no value when he first accessed it.  There, Plaintiff spoke to the Store Manager, who specifically informed him the Gift Card had been tampered with prior to purchase, which according to the Store Manager involved someone's placement of a photo copy of another gift card over the Gift Card Plaintiff had purchased, prior to check out at Ralph's, so the bar card for the other gift card would be visible to receive any money added to the card by the Ralph's cashier at check out. The Store Manager also informed Plaintiff that a staff member meeting regarding this exact problem had been held that very same morning at the store, because valueless gift card sales at Ralph's were apparently a regular, recurring problem.  Additionally, a former assistant manager from another Ralph's store also told Plaintiff gift card tampering has been an ongoing problem for years at Ralph's and that Ralph's is aware of this precise issue happening frequently at its stores.  Thereafter, despite his efforts, neither Ralph's nor the bank returned Plaintiff's money, and he thus incurred a $500 payment to Ralph's in addition to the $5.95 activation fee for nothing in return.

2.       Plaintiff is informed and believes, and upon such information and belief alleges, that defendant Ralph's Grocery Company ("RALPH'S") is an Ohio Corporation with its principal place of business in Cincinnati, Ohio.  RALPH'S is registered to do business in California and operates in Los Angeles County, where its local headquarters are in Compton, California.  RALPH'S is a multistate corporation that operates a chain of grocery stores, selling goods to consumers throughout the country.

3.       Plaintiff is informed and believes, and upon such information and belief alleges, that defendant The Kroger Company ("KROGER") is an Ohio Corporation with its principal place of

2

business in Cincinnati, Ohio. KROGER is registered to do business in California and operates in Los Angeles County, where its local headquarters are in Compton, California. Kroger operates, either directly or through its subsidiaries such as defendant RALPH'S, which it wholly owns and operates, supermarkets and multi-department stores nationwide. Defendants herein are collectively referred to as "RALPH'S".

4.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

5.     At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining Defendant.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over all causes of action asserted herein under the California Constitution.

7.     Venue is proper in this County because the acts and occurrences alleged herein occurred in this County, and pursuant to California *Civil Code* § 1780(d) because Defendants do business here.

**FACTUAL ALLEGATIONS**

8.      This action arises out of RALPH's practice of selling gift cards to California consumers for specified monetary values where the gift cards actually have no value and are thus worthless to the consumers. Despite RALPH's knowledge of this issue, RALPH'S sold Mr. Hiradate a worthless gift card for which he paid a substantial amount of money to RALPH'S.

9.     On December 21 2019, Plaintiff visited the RALPH'S store at 1770 Carson Street in Torrance, California, and purchased a $500 Visa Gift Card, as confirmed on the receipt he received.

3

1 Plaintiff also incurred a $5.95 activation fee for the Gift Card.  As soon as Plaintiff returned home after

2 making this purchase, he opened the Gift Card package and checked the balance for the first time, prior

3 to using the Gift Card.  Plaintiff was shocked to learn the Gift Card he had just paid RALPH'S $500

4 for actually had zero value.

5    10.    Plaintiff quickly returned to the RALPH'S store on the same day to get an explanation

6 for why the Gift Card had no value when he first attempted to access it.  There, Plaintiff spoke to the

7 Store Manager, Stephanie, who told him the Gift Card had been tampered with prior to purchase.

8 Stephanie also told Plaintiff she would call the Gift Card merchant in order to file a claim for gift card

9 fraud.  After Stephanie filed the claim on that date, she was apparently provided a case number and 10

10 digit ID which she wrote on Plaintiff's Gift Card receipt.  Stephanie also told Plaintiff on that same

11 date the scenario involved someone's placement of a photo copy of another gift card over the Gift Card

12 Plaintiff had purchased, prior to check out at RALPH'S, so the bar card for the other gift card would be

13 visible to receive any money added to the card by the RALPH'S cashier at check out.

14    11.    Stephanie also informed Plaintiff during their conversation that a staff member meeting

15 regarding this exact problem had been held that very same morning at the store.  There, staff members

16 at the RALPH'S store were apparently instructed to check for any of the detectable signs of tampering

17 on any gift cards RALPH'S sold, such as different textures between a valid card with ridges at the bar

18 code area and one that had been tampered with and had no such ridges.  Additionally, a former

19 assistant manager Plaintiff spoke to from another RALPH'S store in the area also told him gift card

20 tampering has been an on-going problem for years at RALPH'S and that RALPH'S is aware of this

21 precise issue happening at its stores such as the one in Torrance.

22    12.    Thereafter, Stephanie the RALPH'S Store Manager told Plaintiff he needed to call the

23 gift card company to request a new gift card, and then after calling, he would need to fax a copy of the

24 receipt, gift card, the tampering gift card number (i.e. the photo with a gift card number that was placed

25 over Plaintiff's gift card prior to his purchase of it at RALPH'S), and that Plaintiff would then receive

26 a new gift card within a few weeks.  That night, Plaintiff tried to reach out to the Gift Card merchant

27 several times at the phone number on the back of the card, in order to attempt to have this issue

28

4

1   addressed but, despite several attempts, could not reach a service associate or anyone in management

2   at the Gift Card merchant to resolve this matter.

3       13.     Thereafter, that same night Plaintiff returned to the RALPH'S store in Torrance where

4   Stephanie the Store Manager assisted him in submitting the documents via fax including the receipt

5   (with her writing of the case number and 10 digit ID), a photo copy of the gift card, a photo copy of the

6   package including the false bar code from the gift card, Plaintiff's photo ID and contact information.

7   To date, Plaintiff received no response from the gift card merchant or a replacement card with the

8   value of $500 and the activation fee waived, and RALPH'S also has not compensated Plaintiff for the

9   loss.

10      14.     Thus, RALPH'S knew gift cards such as the one Plaintiff purchased are subject to

11  tampering which can render them worthless, yet it still sold the Gift Card Plaintiff purchased to him

12  and retained $505.95 of Plaintiff's money, despite that Plaintiff received no value in return whatsoever.

13      15.     Subsequently, Plaintiff has learned of a number of California consumers who have been

14  similarly affected by purchasing a gift card at RALPH'S which had been tampered with prior to

15  purchase.

16      16.     RALPH'S should not be selling these gift cards, or be allowed to sell these gift cards at

17  all, considering its actual knowledge of the pervasive tampering issue at its stores, and that consumers

18  such as Plaintiff end up having purchased gift cards with no value at all.

19                              **FIRST CAUSE OF ACTION**

20                      ***Business & Professions Code § 17200  et seq.***

21                      **(Violation of Unfair Competition Law)**

22          **(By Plaintiff Against Defendants RALPH'S and KROGER and Does 1-50)**

23      17.     Plaintiff restates and incorporates by reference each and every allegation contained in

24  paragraphs 1-16 as though fully set forth herein.

25      18.     California *Business & Professions Code* § 17200 *et seq.* (hereafter referred to as the

26  "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair

27  competition," which include any unlawful, unfair, or fraudulent business practice.

28      19.     The UCL imposes strict liability.  Plaintiff need not prove that Defendants intentionally

                                        5

————————————————————————————————————

                                   COMPLAINT

1    or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices

2    occurred.

3          20.     RALPH'S selling of gift cards with specified values when the gift cards actually have

4    zero value to the consumer who purchased them, is an unlawful, unfair, and fraudulent business

5    practice prohibited by the UCL.

6          21.     In carrying out their selling of gift cards for specified values when the gift cards

7    actually have zero value to the consumer who purchased them, Defendants have violated the Consumer

8    Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or

9    common law duties. Defendants' business practices alleged herein, therefore, are unlawful within the

10   meaning of the UCL.

11         22.     The harm to Plaintiff and members of the public outweighs the utility of Defendants'

12   practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair

13   business act or practice within the meaning of the UCL.

14         23.     Defendants' practices are additionally unfair because they have caused Plaintiff and

15   members of the public substantial injury, which is not outweighed by any countervailing benefits to

16   consumers or to competition, and which is not an injury the consumers themselves could have

17   reasonably avoided.

18         24.     Defendants' practices, as set forth above, have misled the general public in the past and

19   will mislead the general public in the future. Consequently, Defendants' practices constitute an

20   unlawful and unfair business practice within the meaning of the UCL.

21         25.     Pursuant to *Business and Professions Code* § 17204, an action for unfair competition

22   may be brought by any "person … who has suffered injury in fact and has lost money or property as a

23   result of such unfair competition." Defendants' misleading business practice – selling gift cards for

24   specified values when the gift cards actually have zero value to the consumer who purchased them –

25   directly and seriously injured Plaintiff and other members of the public who were thus deprived of

26   their property rights.

27         26.     The unlawful, unfair and fraudulent business practices of Defendants are ongoing and

28

present a continuing threat that members of the public will be misled into believing they are purchasing gift cards for specified values but, like Plaintiff, will be deprived of that value and damaged financially.

27. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair business practice, as well as disgorgement and restitution of the money Defendants wrongfully obtained from him associated with its unfair business practice.

## SECOND CAUSE OF ACTION

### *Civil Code* § 1750 *et seq.*

**(Violation of the Consumer Legal Remedies Act)**

**(By Plaintiff Against RALPH'S and KROGER and Does 1-50)**

28. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-27 as though fully set forth herein.

29. The Consumer Legal Remedies Act (hereafter referred to as the "CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civ. Code § 1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

30. More specifically, Plaintiff alleges that Defendants have violated paragraphs 4, 5, 9 and 14 of *Civil Code* Section 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendants' unfair and deceptive business practices in carrying out the selling of gift cards for specified values when the gift cards actually have zero value to the consumer who purchased them, as described herein, were and are intended to and did and do result in Plaintiff, and other members of the public, being deprived of their right to a gift card with the value they paid for actually on it, in violation of the CLRA. Cal. Civ. Code § 1770 *et seq.* Plaintiff, and other members of the public, were damaged in that they paid purchase prices for gift cards higher than the zero value they received on the cards.

7

31.   As a result of Defendants' unfair and/or deceptive business practices, Plaintiff and other members of the public, as a result of RALPH'S business practice, have suffered damage in that they lost a vested right in gift cards at specified values, because Defendants misrepresented that the offers for sale conferred rights to Plaintiff, and other members of the public, which they did not.   Plaintiff seeks and is entitled to an order permanently enjoining Defendants from continuing to engage in the unfair and deceptive business practices alleged herein.

32.   Pursuant to section 1782 of the CLRA, Plaintiff has notified Defendants in writing of the particular violations of Section 1770 of the CLRA Plaintiff alleges Defendants committed.   In response, RALPH'S has not agreed to provide the monetary compensation Plaintiff demanded.

### THIRD CAUSE OF ACTION

#### *Business & Professions Code § 17500, et seq.*

#### (Violation of the False Advertising Law)

#### (By Plaintiff Against RALPH'S and KROGER and Does 1-50)

33.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-32 as if fully set forth herein.

34.   California *Business & Professions Code* § 17500 provides that "[I]t is unlawful for any … corporation … with intent … to dispose of … personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever … any statement … which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading…"

35.   Defendants misled consumers by selling gift cards for specified values when the gift cards actually have zero value to the consumer who purchased them.

36.   As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff, along with other members of the public, has suffered injury in fact and has lost money and/or property.

37.   The misleading and false advertising described herein presents a continuing threat to

8

Plaintiff, and other members of the public, in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendants' conduct will continue to cause irreparable injury to members of the public unless enjoined or restrained, permanently.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

1. For restitution and disgorgement of the money and property wrongfully obtained by Defendants by means of its herein-alleged unlawful, unfair and fraudulent business practices;

2. An award of general damages according to proof;

3. An award of special damages according to proof;

4. Exemplary damages in light of Defendants' fraud, malice, and conscious disregard for the rights of Plaintiff;

5. Injunctive relief, including without limitation, public injunctive relief, in the form of a permanent injunction enjoining Defendants from engaging in the unlawful, unfair, and fraudulent business practices alleged herein;

6. For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation, the CLRA, the common law private attorney general doctrine, and *Code of Civil Procedure* § 1021.5;

7. For costs of suit;

8. For such other and further relief as the court deems just and proper.

Dated: April 19, 2021                                       **KIRTLAND & PACKARD, LLP**


By: _/s/ Joshua A. Fields_____
       MICHAEL LOUIS KELLY
       JOSHUA A. FIELDS

       *Counsel for Plaintiff Yosuke Hiradate*

9

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff YOSUKE HIRADATE hereby demands a jury trial.

3

Dated: April 19, 2021                                        **KIRTLAND & PACKARD, LLP**

4

5

By: __ */s/ Joshua A. Fields* _____

6

MICHAEL LOUIS KELLY
JOSHUA A. FIELDS

7

8

*Counsel for Plaintiff Yosuke Hiradate*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

COMPLAINT

## DECLARATION OF PROPER VENUE BY YOSUKE HIRADATE

I, Yosuke Hiradate, declare as follows:

1.   I am a Plaintiff in this action, and I am a resident and citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, I could and would testify competently thereto.

2.   The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code § 1780(d) in that Los Angeles County is a county where Defendant does business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Torrance, California on April 15, 2021.


Yosuke Hiradate

11

COMPLAINT

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2021 12:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
21TRCV00301

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RALPH'S GROCERY COMPANY, an Ohio Corporation; (continued on 2nd page)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YOSUKE HIRADATE,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, 825 Maple Ave, Torrance, CA 90503 | 21TRCV00301 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

KIRTLAND & PACKARD LLP, 1638 S. Pacific Coast Hwy, Redondo Beach, CA 90277

| DATE: Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by | E. Johnston | , Deputy |
|---|---|---|---|
| *(Fecha)* 04/19/2021 | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ralph's Grocery Company, an Ohio Corporation

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUMMONS – PAGE 2

| YOSUKE HIRADATE v. RALPH'S GROCERY COMPANY, et al. | Case No. 21TRCV00301 |
|---|---|

NOTICE TO DEFENDANT: (continued from Page 1)

THE KROGER COMPANY, an Ohio Corporation; and DOES 1-50, inclusive,

# EXHIBIT 3

Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2021 12:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 21TRCV00301 | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly-SBN 82063 / Joshua A. Fields-SBN 242938 KIRTLAND & PACKARD LLP | |

TELEPHONE NO.: (310) 536-1000  FAX NO. *(Optional):* (310) 536-1001
ATTORNEY FOR *(Name):* Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Southwest District

CASE NAME:
YOSUKE HIRADATE v. RALPH'S GROCERY COMPANY, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21TRCV00301 JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16, 2021

Michael Louis Kelly/Joshua A. Fields
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |

| SHORT TITLE: YOSUKE HIRADATE v. RALPH'S GROCERY COMPANY, et al. | CASE NUMBER 21TRCV00301 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: YOSUKE HIRADATE v. RALPH'S GROCERY COMPANY, et al. | CASE NUMBER 21TRCV00301 |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: YOSUKE HIRADATE v. RALPH'S GROCERY COMPANY, et al. | CASE NUMBER 21TRCV00301 |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: YOSUKE HIRADATE v. RALPH'S GROCERY COMPANY, et al. | CASE NUMBER 21TRCV00301 |
| --- | --- |

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>1770 Carson Street |
| --- | --- |
| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE:<br>90501 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Southwest___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 16, 2021


(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**   [ **Print this form** ]   [ Save this form ]          [ **Clear this form** ]

EXHIBIT 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | FILED<br>Superior Court of California<br>County of Los Angeles<br>04/19/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ E. Johnston _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21TRCV00301 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Gary Y. Tanaka | B | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/20/2021 _____
      (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By E. Johnston _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT 5

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Torrance Courthouse

825 Maple Avenue, Torrance, CA 90503

**FILED**
Superior Court of California
County of Los Angeles

**04/21/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Fondon _____ Deputy

PLAINTIFF(S):

Yosuke Hiradate

DEFENDANT(S):

Ralph's Grocery Company et al

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

21TRCV00301

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>07/26/2021</u> at <u>8:30 AM</u> in department <u>B</u> of this court, <u>Torrance Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>04/21/2021</u>

**Gary Y. Tanaka**

Gary Y. Tanaka / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**04/21/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Fondon _____ Deputy

COURTHOUSE ADDRESS:
**Torrance Courthouse**
825 Maple Avenue, Torrance, CA 90503

PLAINTIFF:
**Yosuke Hiradate**

DEFENDANT:
**Ralph's Grocery Company et al**

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
**21TRCV00301**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/19/2021 | Time: 8:30 AM | Dept.: B |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

**Gary Y. Tanaka**

Dated: ___04/21/2021___

_____ Gary Y. Tanaka / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in ___Torrance___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Michael Kelly
1638 South Pacific Coast Hwy.

Redondo Beach, CA 90277

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___04/21/2021___

By ___M. Fondon___
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/21/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fondon _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Yosuke Hiradate | |
| DEFENDANT/RESPONDENT:<br>Ralph's Grocery Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21TRCV00301 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Michael  Kelly
Kirtland & Packard LLP
1638 South Pacific Coast Hwy.
Redondo Beach, CA  90277

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>04/21/2021</u>

By:  <u>M. Fondon</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 7

Electronically FILED by Superior Court of California, County of Los Angeles on 04/27/2021 02:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk

Case 2:22-cv-03593-DMG-PD   Document 1   Filed 05/25/22   Page 43 of 203   Page ID #:103

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly, Esq.  SBN: 82063<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Highway  Redondo Beach, CA 90277<br><br>TELEPHONE NO. (310) 536-1000 / FAX NO. (310) 536-1001 / E-MAIL ADDRESS *(Optional)*: mfc@kirtlandpackard.com<br>ATTORNEY FOR *(Name)*: Plaintiff: Yosuke Hiradate | |

**TORRANCE COURTHOUSE**

STREET ADDRESS: 825 MAPLE AVE.

MAILING ADDRESS:

CITY AND ZIP CODE: TORRANCE, CA 90503

BRANCH NAME: *

| PLAINTIFF: Yosuke Hiradate | CASE NUMBER: 21TRCV00301 Dept: B |
|---|---|
| DEFENDANT: Ralph's Grocery Company | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.<br>2710-1 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

**BY FAX**

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Addendum,Notice of Case Assignment,Stipulation Package**

3. a. Party served *(specify name of party as shown on documents served)*:

   **The Kroger Company, an Ohio Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **Kaitlyn Mannix  - Authorized to Accept Service**

4. Address where the party was served: **CSC**
   **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **4/23/2021**   (2) at *(time)*: **2:44 PM**

   b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:  or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER: Yosuke Hiradate | CASE NUMBER: |
|---|---|
| RESPONDENT: Ralph's Grocery Company | 21TRCV00301 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                    (2) *from (city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.
         *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify)*:
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify)*: **The Kroger Company, an Ohio Corporation**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers
    a. Name: **Robert J. Mason - Cal West Attorney Services, Inc**
    b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
    c. Telephone number: **(213) 353-9100**
    d. **The fee** for service was: **$ 95.00**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner      ☐ employee    ☑ independent contractor.
            (ii) Registration No.: **03-007**
            (iii) County: **Placer County**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **4/23/2021**
    **Cal West Attorney Services, Inc**
    **1201 W. Temple Street**
    **Los Angeles, CA 90026**
    **(213) 353-9100**
    **www.calwest.info**

| **Robert J. Mason** | ▶ | *(signature)* |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

EXHIBIT 8

Electronically FILED by Superior Court of California, County of Los Angeles on 04/27/2021 02:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk

Case 2:22-cv-03593-DMG-PD   Document 1   Filed 05/25/22   Page 46 of 203   Page ID #:46

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly, Esq.   SBN: 82063<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Highway   Redondo Beach, CA 90277<br><br>TELEPHONE NO: (310) 536-1000 | FAX NO: (310) 536-1001 | E-MAIL ADDRESS *(Optional)*: mfc@kirtlandpackard.com<br>ATTORNEY FOR *(Name)*: Plaintiff: Yosuke Hiradate | |

**TORRANCE COURTHOUSE**
STREET ADDRESS: 825 MAPLE AVE.
MAILING ADDRESS:
CITY AND ZIP CODE: TORRANCE, CA 90503
BRANCH NAME:

| PLAINTIFF: Yosuke Hiradate | CASE NUMBER: 21TRCV00301 Dept: B |
|---|---|
| DEFENDANT: Ralph's Grocery Company,et al | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.<br>2710-1 |
|---|---|

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Addendum,Notice of Case Assignment,Stipulation Package

3. a.  Party served *(specify name of party as shown on documents served):*

   **Ralph's Grocery Company, an Ohio Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **Kaitlyn Mannix - Authorized to Accept Service**

4. Address where the party was served:   **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **4/23/2021**   (2) at *(time):* **2:44 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* from *(city):*          **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/CW385989

| PETITIONER: Yosuke Hiradate | CASE NUMBER: |
|---|---|
| RESPONDENT: Ralph's Grocery Company, et al | 21TRCV00301 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*　　　　　　　　　　　　　　(2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Ralph's Grocery Company, an Ohio Corporation**

under the following Code of Civil Procedure section:

☑ 416.10 (corporation)　　　　　　　　☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)　　　　　☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)　☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)　　　☐ 416.90 (authorized person)
☐ 416.50 (public entity)　　　　　　　　☐ 415.46 (occupant)
　　　　　　　　　　　　　　　　　　　　☐ other:

7. **Person who served papers**

a. Name: **Robert J. Mason - Cal West Attorney Services, Inc**

b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**

c. Telephone number: **(213) 353-9100**

d. **The fee** for service was: **$ 47.50**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner　　☐ employee　　☑ independent contractor.

(ii) Registration No.: **03-007**

(iii) County: **Placer County**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **4/23/2021**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

| **Robert J. Mason** | ▶ |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT 9

Electronically FILED by Superior Court of California, County of Los Angeles on 06/04/2021 11:50 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk

Case 2:22-cv-03593-DMG-PD   Document 1   Filed 05/25/22   Page 49 of 203   Page ID #:49

DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jharper@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

*Attorneys for Defendants*
*Ralphs Grocery Company*
*and The Kroger Co.*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| YOSUKE HIRADATE,<br><br>                    Plaintiff,<br><br>         vs.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation; THE KROGER COMPANY, an Ohio Corporation; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. 21TRCV00301<br>Assigned to the Hon. Gary Y. Tanaka<br><br>**DECLARATION OF JACOB M. HARPER REGARDING MEET INABILITY TO MEET AND CONFER [CCP 430.41]**<br><br>Action Filed:  April 19, 2021<br>Trial Date:    N/A |

## DECLARATION OF JACOB M. HARPER

I, Jacob M. Harper, declare as follows:

1.       I am an attorney at law duly licensed to practice before all of the courts in the State of California.  I am a partner in the law firm of Davis Wright Tremaine LLP, counsel of record for defendants Ralphs Grocery Company and The Kroger Company (collectively, Defendants).  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.  I make this declaration pursuant to Code of Civil Procedure section 430.41(a)(2) based on the inability of the parties to meet and confer at least five days prior to the date Defendants' response to the Complaint was due.

2.       Defendants were served with the Complaint of plaintiff Yosuke Hiradate on April 23, 2021.  Their original deadline to respond to the Complaint was May 24, 2021.  On or about May 21, 2021, counsel for Mr. Hiradate provided a two-week extension until June 7, 2021, and we set a date to meet and confer on Defendants' anticipated demurrer in response to the complaint.  I called counsel for Mr. Hiradate on that date but could not reach him.  Counsel for Mr. Hiradate called me back but I was unavailable to take his call and the parties could not connect prior to June 2, 2021, the statutory deadline to meet and confer under Section 430.41.  I intend to meet and confer with counsel for Mr. Hiradate at a mutually agreeable date and time prior to filing any demurrer, if one proves necessary after the parties' meet and confer discussions.  Based on this declaration, Defendants' deadline to respond to the Complaint is continued by 30 days until July 7, 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 4th day of June 2021, at Los Angeles, California.

_____
Jacob M. Harper

<u>PROOF OF SERVICE BY MAIL</u>

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

   On June 4, 2021, I served the foregoing document(s) described as: **DECLARATION OF JACOB M. HARPER REGARDING MEET INABILITY TO MEET AND CONFER [CCP 430.41]** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Michael Louis Kelly, Esq.<br>Joshua A. Fields, Esq.<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Highway<br>Redondo Beach, CA 90277<br>mlk@kirtlandpackard.com<br>jf@kirtlandpackard.com | Attorneys for Plaintiff Yosuke Hiradate |

   I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

   Executed on June 4, 2021, at Los Angeles, California.

☑  State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐  Federal  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Torrance Courthouse
**Mailing Address:** 825 Maple Avenue
**City, State and Zip Code:** Torrance CA 90503

| | |
|---|---|
| **SHORT TITLE:** YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al. | **CASE NUMBER:** 21TRCV00301 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

### Electronic Filing Summary Data

Electronically Submitted By:  Legal Connect
Reference Number: 4350316_2021_06_04_18_45_46_986_9
Submission Number: 21LA03651482
Court Received Date: 06/04/2021
Court Received Time: 11:50 am
Case Number: 21TRCV00301
Case Title: YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.
Location: Torrance Courthouse
Case Type: Civil Unlimited
Case Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 06/04/2021
Notice Generated Time: 1:54 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Declaration (name extension) | Accepted |

### Comments
Submitter's Comments:

Clerk's Comments:

### Electronic Filing Service Provider Information
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

---

EXHIBIT 10

Electronically FILED by Superior Court of California, County of Los Angeles on 07/07/2021 03:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk

Case 2:22-cv-03593-DMG-PD   Document 1   Filed 05/25/22   Page 54 of 203   Page ID #:54

DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

*Attorneys for Defendants*
*Ralphs Grocery Company*
*and The Kroger Co.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT

| | |
|---|---|
| YOSUKE HIRADATE,<br><br>              Plaintiff,<br><br>vs.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation; THE KROGER COMPANY, an Ohio Corporation; and DOES 1-50, inclusive,<br><br>              Defendants. | Case No. 21TRCV00301<br>Assigned to the Hon. Gary Y. Tanaka<br><br>**DEFENDANTS' NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration of Jacob M. Harper and Proposed Order Filed Concurrently*]<br><br>Date:       December 21, 2021<br>Time:      8:30 a.m.<br>Dept.:     B<br><br>***Reservation ID No. 299213979011***<br><br>Action Filed:  April 19, 2021<br>Trial Date:   N/A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 21, 2021, at 8:30 a.m., in Department B of the above-captioned Court, Defendants Ralphs Grocery Company and The Kroger Co. (collectively, Defendants) will and hereby do move for an order sustaining its demurrer to the First, Second, and Third Causes of Action for violation of the Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq.* (UCL), Consumers Legal Remedies Act, Civ. Code, § 1750 *et seq.* (CLRA), and the False Advertising Law, Bus. & Prof. Code, § 17500 *et seq.* (FAL), asserted in Plaintiff Yosuke Hiradate's Complaint, without leave to amend.

Defendants' demurrer is made on the grounds that the Complaint fails to state a viable cause of action. (See Code Civ. Proc., § 430.10.) Mr. Hiradate's claims fail as a matter of law because he (1) lacks standing to assert claims under California's consumer protection statutes based on his failure to allege his actual reliance on Defendants' purported misrepresentations; (2) failed to plead any factual allegations sufficient to hold both Ralphs (a retailer) and Kroger (a manufacturer) responsible for the unidentified misrepresentations, and (3) admits a third-party wrongdoer caused Mr. Hiradate's claimed harm.

This demurrer is based on this notice and demurrer; the attached Memorandum of Points and Authorities; the concurrently filed documents in support; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing.

Dated:  July 7, 2021

DAVIS WRIGHT TREMAINE LLP

By: _____
     Jacob M. Harper

*Attorneys for Defendants
Ralphs Grocery Company
and The Kroger Co.*

# DEMURRER

## DEMURRER TO THE FIRST CAUSE OF ACTION

Defendants demur generally and specially to Mr. Hiradate's First Cause of Action in the Complaint for violation of the Unfair Competition Law, Business & Professions Code section 17200, on the ground that the pleading fails to state a cause of action.  (See Code Civ. Proc., § 430.10, subd. (e).)

## DEMURRER TO THE SECOND CAUSE OF ACTION

Defendants demur generally and specially to Mr. Hiradate's Second Cause of Action in the Complaint for violation of the Consumers Legal Remedies Act, Civil Code section 1750 *et seq.* on the ground that the pleading fails to state a cause of action.  (See Code Civ. Proc., § 430.10, subd. (e).)

## DEMURRER TO THE THIRD CAUSE OF ACTION

Defendants demur generally and specially to Mr. Hiradate's Third Cause of Action in the Complaint for False and Misleading Advertising in Violation of the False Advertising Law, Business & Professions Code section 17500 *et seq.* on the ground that the pleading fails to state a cause of action.  (See Code Civ. Proc., § 430.10, subd. (e).)

Dated:  July 7, 2021

DAVIS WRIGHT TREMAINE LLP

By: _____
    Jacob M. Harper

*Attorneys for Defendants*
*Ralphs Grocery Company*
*and The Kroger Co.*

**<u>TABLE OF CONTENTS</u>**

**Page**

I.    INTRODUCTION ................................................................................................7

II.   FACTUAL BACKGROUND ...............................................................................8

      A.    Mr. Hiradate Purchased a $500 Gift Card from a Ralphs Store. .............8

      B.    Mr. Hiradate Is Informed That Third Parties Tampered With the Gift Card...........8

      C.    Mr. Hiradate Files His Complaint Against Defendants. ..........................9

III.  ARGUMENT .......................................................................................................9

      A.    Mr. Hiradate Lacks Standing to Maintain His Claims................................9

      B.    Mr. Hiradate Failed to Allege a Claim Against the Two Defendants....................13

      C.    Mr. Hiradate Failed to Allege Any Statement Was False When Made. ................14

IV.   CONCLUSION ..................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brazil v. Dole Packaged Foods, LLC* (9th Cir. 2016)
660 F.App'x 531 ............................................................................................ 11

*Cohen v. E. W. Tea Co., LLC* (S.D.Cal. Aug. 2, 2018)
2018 U.S.Dist.LEXIS 130151 ........................................................................ 11

*Demetriades v. Yelp, Inc.* (2014)
228 Cal.App.4th 294 ...................................................................................... 11

*Durell v. Sharp Healthcare* (2010)
183 Cal.App.4th 1350 ................................................................... 7, 10, 11, 12

*Emery v. Visa Internat. Serv. Ass'n* (2002)
95 Cal.App.4th 952 ............................................................................. 7, 13, 14

*In re Firearm Cases* (2005)
126 Cal.App.4th 959 ...................................................................................... 13

*Graham v. VCA Antech, Inc.* (C.D.Cal. Sep. 12, 2016)
2016 U.S.Dist.LEXIS 145778 ....................................................................... 12

*Guzman v. Polaris Indus.* (C.D.Cal. May 12, 2021)
2021 U.S.Dist.LEXIS 98389 ......................................................................... 11

*In re Hydroxycut Mktg. & Sales Practices Litig.* (S.D.Cal. 2014)
299 F.R.D. 648 .............................................................................................. 14

*In re iPhone App. Litig.* (N.D.Cal. 2013)
6 F.Supp.3d 1004 .......................................................................................... 12

*In re Jamster Mktg. Litig.* (S.D.Cal. May 22, 2009)
2009 U.S.Dist.LEXIS 43592 ......................................................................... 14

*Jesse v. Malcmacher* (C.D.Cal. Apr. 5, 2016)
2016 WL 9450683 .......................................................................................... 13

*Kane v. Chobani, Inc.* (N.D.Cal. Sep. 19, 2013)
2013 U.S.Dist.LEXIS 134385 ....................................................................... 11

*Kane v. Hartford Accident & Indem. Co.* (1979)
98 Cal.App.3d 350 ......................................................................................... 13

*Klein v. Earth Elements, Inc.* (1997)
59 Cal.App.4th 965 ........................................................................................ 15

*Kowalsky v. Hewlett-Packard Co.* (N.D.Cal. 2011)
    771 F.Supp.2d 1156 ...................................................................................... 8, 15

*Lavie v. Procter & Gamble Co.* (2003)
    105 Cal App.4th 496 ......................................................................................... 11

*Letizia v. Facebook Inc.* (N.D.Cal. 2017)
    267 F.Supp.3d 1235 .......................................................................................... 11

*Musgrave v. Taylor Farms Pac., Inc.* (N.D.Cal. Feb. 20, 2019)
    2019 U.S.Dist.LEXIS 229391 ........................................................................... 14

*Neu v. Terminix Int'l, Inc.* (N.D.Cal. July 24, 2008)
    2008 U.S.Dist.LEXIS 60505 ............................................................................ 15

*O'Keefe v. Inca Floats* (N.D.Cal. Oct. 31, 1997)
    1997 WL 703784 ................................................................................................ 13

*People v. Toomey* (1984)
    157 Cal.App.3d 1 ............................................................................................... 13

*Phillips v. Apple Inc.* (N.D.Cal. Apr. 19, 2016)
    2016 U.S.Dist.LEXIS 53148 ............................................................................ 12

*Rothman v. Equinox Holdings, Inc.* (C.D.Cal. Jan. 13, 2021)
    2021 U.S.Dist.LEXIS 6839 .............................................................................. 12

*In re Tobacco II Cases* (2009)
    46 Cal.4th 298 ............................................................................................... 7, 10

*Tortilla Factory, LLC v. Health-Ade LLC* (C.D.Cal. July 13, 2018)
    2018 U.S.Dist.LEXIS 157538 .......................................................................... 14

*Veera v. Banana Republic, LLC* (2016)
    6 Cal.App.5th 907, 915 .................................................................................. 9, 10

**STATUTES**

Bus. & Prof. Code
    § 17200 ...................................................................................................... 7, 9, 13
    § 17500 ............................................................................................................... 9

Civ. Code
    § 1770 .................................................................................................................. 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Yosuke Hiradate filed this individual action against Defendants Ralphs Grocery Company and The Kroger Company (collectively, Defendants) to recover the value of a $500 gift card that he purchased from a Ralphs store and the $5.95 activation fee.  (Compl. ¶ 1.)  As alleged in his Complaint, third parties allegedly defrauded Mr. Hiradate and Defendants by tampering with the gift card prior to the sale.  (*Ibid.*)  When Mr. Hiradate reported the fraud, a store employee assisted him in obtaining a refund from the bank that issued the gift card.  (*Ibid.*)  Even so, Mr. Hiradate claims Defendants should have done more to prevent the third parties' fraudulent scheme.  The action should be dismissed with prejudice because Mr. Hiradate failed to (1) allege his standing to sue Defendants under California's consumer protection statutes, (2) identify the representations made by the two Defendants, and (3) show that any purported representations were false when made.

*First*, Mr. Hiradate has failed to establish his statutory standing to assert claims under California's Unfair Competition Law (UCL), Consumers Legal Remedies Act (CLRA), and False Advertising Law (FAL).  Mr. Hiradate's burden is to plead that Defendants' purported "misrepresentations were an immediate cause of the injury-causing conduct."  (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 328.)  Here, Mr. Hiradate has not alleged what, if anything, he saw before buying the Gift Card or which Defendant was responsible for the representation.  (See *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1363 [affirming dismissal where plaintiff failed to allege that he ever saw and read the alleged misrepresentations].)

*Second*, Mr. Hiradate has sued two independent entities without any effort to explain what each defendant did or said.  "The concept of vicarious liability has no application to actions brought under the unfair business practices act."  (*Emery v. Visa Internat. Serv. Ass'n* (2002) 95 Cal.App.4th 952, 960.)  To the contrary, "[a] defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200 or 17500."  (*Ibid.*)  Even so, the Complaint conflates two distinct

corporate defendants and provides no explanation for what each entity purported said or did with respect to the Gift Card.

*Third*, Mr. Hiradate fails to allege that any statement made by Defendants (whatever they might be), were false when made.  The common-sense rule is that "where a defendant lacked knowledge of the facts that rendered its representations misleading at the time it made the representations, courts have been unwilling to impose liability."  (*Kowalsky v. Hewlett-Packard Co.* (N.D.Cal. 2011) 771 F.Supp.2d 1156, 1160.)  Here, Mr. Hiradate does not allege that either Defendant knew that any representation about the Gift Card was false when made.  To the contrary, he concedes that the Gift Cards worked as intended when put out for sale, but were "tampered with" by third parties prior to purchase.  (Compl. ¶¶ 10-11.)

Because Mr. Hiradate failed to allege any valid claim, the Court should sustain Defendants' Demurrer to his Complaint.

## II.     FACTUAL BACKGROUND

### A.     Mr. Hiradate Purchased a $500 Gift Card from a Ralphs Store.

Mr. Hiradate alleges that he purchased a $500 gift card at a Ralphs store on December 21, 2019.  (Compl. ¶ 9.)  In connection with his purchase, Mr. Hiradate paid $500 plus a $5.95 activation fee.  (*Ibid.*)  Upon returning home, Mr. Hiradate "opened the Gift Card package and checked the balance for the first time" and was "shocked to learn the Gift Card … actually had zero value." (*Ibid.*)

### B.     Mr. Hiradate Is Informed That Third Parties Tampered With the Gift Card.

Mr. Hiradate returned to the Ralphs store that same day.  (Compl. ¶ 10.)  He spoke with a store manager who explained that the Gift Card "had been tampered with prior to purchase." (*Ibid.*)  The store manager told Mr. Hiradate about a staff meeting that morning about third parties tampering with gift cards to steal their value.  (*Id.* ¶¶ 10-12.)  According to Mr. Hiradate, the third party placed a "photo copy of another gift card over the Gift Card Plaintiff had purchased, prior to check out at Ralph's, so the bar card for the other gift card would be visible to receive any money added to the card by the Ralph's cashier at check out." (*Id.* ¶ 1.)  The store manager assisted Mr.

Hiradate with pursuing a fraud claim with the Gift Card merchant.  (*Id.* ¶ 10.)  Mr. Hiradate claims he did not receive any response from the merchant or compensation from Ralphs.  (*Id.* ¶ 13.)

### C.     Mr. Hiradate Files His Complaint Against Defendants.

On April 19, 2021, Mr. Hiradate initiated this action against Ralphs and Kroger.  The Complaint alleges three causes of action against Defendants under the UCL, CLRA, and FAL. (Compl. ¶¶ 17-37.)  The claims are each exclusively premised on Defendants allegedly selling Mr. Hiradate a gift card with zero value.  (*Ibid.*)  The Complaint refers to the two distinct corporate defendants collectively as "RALPH'S."  (*Id.* ¶ 3.)  The only allegations against Kroger are that it is an Ohio corporation doing business in California, and that it "operates, either directly or through its subsidiaries such as defendant RALPH's, which it wholly owns and operates, supermarkets and multi-department stores nationwide."  (*Ibid.*)  Mr. Hiradate brings his claims for $505.95 and other relief in his individual capacity and does not claim to be asserting a class action.

## III.    ARGUMENT

### A.     Mr. Hiradate Lacks Standing to Maintain His Claims.

Mr. Hiradate lacks standing to pursue his claims under the UCL, FAL, and CLRA because his Complaint lacks basic factual allegations showing his reliance on any representation made by either Defendant.

"The CLRA makes unlawful . . . various 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.'"  (*Veera v. Banana Republic, LLC* (2016) 6 Cal.App.5th 907, 915 [quoting Civ. Code, § 1770].)  "The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice [or misleading advertising].'"  (*Id.* at p. 914-15 [quoting Bus. & Prof. Code, § 17200].)  "The [FAL] generally prohibits advertising that contains 'any statement . . . which is untrue or misleading, and which is known, or . . . should be known, to be untrue or misleading.'"  (*Id.* at p. 915 [quoting Bus. & Prof. Code, § 17500].)

To survive a demurrer, each of these consumer protection statutes requires factual allegations sufficient to establish a private plaintiff's "standing."  "CLRA actions may be brought

only by a consumer who suffers any damage *as a result of the use or employment* of a proscribed method, act, or practice." (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1366 [emphasis in original].)  "Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof." (*Id.* at p. 1367.)  "Accordingly, plaintiffs in a CLRA action must show not only that a defendant's conduct was deceptive but that the deception caused them harm." (*Ibid.*)

Likewise, the UCL and FAL were amended by California voters in 2004 such that a private party must now "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." (*Veera*, 6 Cal.App.5th at p. 916 [emphases in original].)  A plaintiff may demonstrate "lost money or property" (*i.e.*, "economic injury") in a number of ways.  For example, a plaintiff may "(1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." (*Id.* at p. 323.)  Importantly, "intangible" harms that do not involve economic injury do not constitute an injury sufficient to confer standing under the UCL or the FAL.  (*Id.* at p. 324.)

This common "standing" requirement requires allegations of "actual reliance" sufficient to link the purported misrepresentation to the plaintiff's purchase decision.  (See *Durell, supra*, 183 Cal.App.4th at p. 1367 [under the CLRA, a "misrepresentation is material for a plaintiff only if there is reliance—that is, without the misrepresentation, the plaintiff would not have acted as he did"]; *Veera, supra*, 6 Cal.App.5th at pp. 326-27 [under the UCL and FAL, a plaintiff "proceeding on a claim of misrepresentation . . . must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions"].)  In the broadest terms, to plead actual reliance, the "plaintiff must allege that the defendant's misrepresentations were an immediate cause of the injury-causing conduct." (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 328.)

As explained by the California Supreme Court, to meet this threshold standard, a plaintiff is required to—at the least—allege facts showing they, at the very least, "viewed the defendant's advertising."  (*Kwikset, supra*, 51 Cal.4th at p. 321; accord *Durell, supra*, 183 Cal.App.4th at p. 1363 [affirming order sustaining demurrer based on plaintiff's lack of standing under UCL, FAL, and CLRA because "The SAC does not allege Durell relied on . . . Sharp's Web site representations . . . .  Indeed, the SAC does not allege Durell ever visited Sharp's Web site or even that he ever read the Agreement for Services."]; *Letizia v. Facebook Inc.* (N.D.Cal. 2017) 267 F.Supp.3d 1235, 1244 [collecting cases]; *Kane v. Chobani, Inc.* (N.D.Cal. Sep. 19, 2013) 2013 U.S.Dist.LEXIS 134385, at *30 [applying *Kwikset*]; *Cohen v. E. W. Tea Co., LLC* (S.D.Cal. Aug. 2, 2018) 2018 U.S.Dist.LEXIS 130151, at *10 ["Reliance requires that a plaintiff allege she saw and read deceptive statements."]; *Guzman v. Polaris Indus.* (C.D.Cal. May 12, 2021) 2021 U.S.Dist.LEXIS 98389, at *11 ["Courts have recognized there can be no actual reliance where the buyer did not see, read, or hear an alleged misrepresentation before purchasing the product, and that mere receipt of or exposure to a statement is insufficient to establish reliance and standing."] [citing *Brazil v. Dole Packaged Foods, LLC* (9th Cir. 2016) 660 F.App'x 531, 533-34].)[1]

Mr. Hiradate failed to allege his reliance on any allegedly false or deceptive representation regarding the Gift Card.  ***The SAC does not even include a conclusory allegation that Mr. Hiradate saw, viewed, or relied on any representation made by either Defendant in deciding to purchase the Gift Card or even identify what the purported representation could be.***  The words "reliance" or "rely" do not appear anywhere in the Complaint.  There is no description of any aspect of the presentation of the Gift Card that Mr. Hiradate claims to have viewed—let alone allegations showing which Defendant was responsible for the statement or presentation.  The only statements Mr. Hiradate identifies at all are (1) a receipt he received from the Ralphs store (Compl. ¶¶ 1, 9), and (2) purported "specified values" on the Gift Card (Compl. ¶¶ 8, 20).  But the

---

[1] Federal courts have developed a robust body of case law concerning mislabeling claims under California's UCL, FAL, and CLRA.  California has  routinely adopted the rationales of these federal cases, which are based on the application of California law.  (*See, e.g.*, *Demetriades v. Yelp, Inc.* (2014) 228 Cal.App.4th 294, 311; *Lavie v. Procter & Gamble Co.* (2003) 105 Cal App.4th 496, 504.)

Complaint does not include any allegation that Mr. Hiradate ever saw or viewed the receipt or the specified values prior to his purchase.  (*Ibid.*)

**To be clear, standing under California's consumer protection statutes cannot be satisfied based on Mr. Hiradate's purported mere receipt of information that he claims was misleading if he did not see and rely upon that representation in making his purchase.**  (See, e.g.*, Graham v. VCA Antech, Inc.* (C.D.Cal. Sep. 12, 2016) 2016 U.S.Dist.LEXIS 145778, at \*15 ["it is not enough to 'receive' a misrepresentation in a document; a plaintiff must see, read, or hear the alleged misrepresentation and rely on it"]; *In re iPhone App. Litig.* (N.D.Cal. 2013) 6 F.Supp.3d 1004, 1022 ["Plaintiffs suggest that standing is established as long as a plaintiff 'receives' a misrepresentation.  The implication of this argument seems to be that a plaintiff can show standing as long as the defendant has disseminated the alleged misrepresentation to her in some fashion, regardless of whether the plaintiff ever actually sees, reads, or hears the defendant's statement.  The Court questions how one can act in reliance on a statement one does not see, read, or hear.  Moreover, this argument is foreclosed by case law interpreting the actual reliance requirements in the UCL and CLRA."] [citing *Durell*, 183 Cal.App.4th at 1356; *Kwikset*, 51 Cal.4th at pp. 327-28]; *Phillips v. Apple Inc.* (N.D.Cal. Apr. 19, 2016) 2016 U.S.Dist.LEXIS 53148, at \*22 ["If Plaintiffs did not view Apple's statement until after suffering injury, then viewing the statement could not have been the 'immediate cause' of the injury."]]; *Rothman v. Equinox Holdings, Inc.* (C.D.Cal. Jan. 13, 2021) 2021 U.S.Dist.LEXIS 6839, at \*14 [accord].)

In addition to Mr. Hiradate's failure to show that Defendants made any statement on which he actually relied, Mr. Hiradate's Complaint goes as far as to admit that third-party fraudsters were the actual cause for his harm based on their independent and subsequent illegal actions.  As alleged in the Complaint, the Gift Card Mr. Hiradate purchased was "tampered with prior to purchase."  (Compl. ¶ 1.)  In particular, a third-party criminal placed a "photo copy of another gift card over the Gift Card Plaintiff had purchased . . . so the bar card for the other gift card would be visible to receive any money added to the card by the Ralph's cashier at check out."  (*Ibid.*)[2]

---

[2] If this case continues (it should not), Mr. Hiradate will have to demonstrate why he did not obtain a full refund through the refund process that a Ralphs employee personally assisted him with.  His failure to mitigate his purported harm will prove fatal in this case.

In other words, Mr. Hiradate suffered his claimed loss because a third-party actor engaged in fraud against Defendants and tampered with the gift card before it came into his possession.  His claims are thus barred—independent of statutory standing requirements—based on well-established rules of causation.  (See *Kane v. Hartford Accident & Indem. Co.* (1979) 98 Cal.App.3d 350, 360 ["The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom"]; *O'Keefe v. Inca Floats* (N.D.Cal. Oct. 31, 1997) 1997 WL 703784, at \*4 ["independent illegal acts of third parties are deemed unforeseeable and therefore, the sole proximate cause of the injury which excludes negligence of another as a cause of injury"]; *Jesse v. Malcmacher* (C.D.Cal. Apr. 5, 2016) 2016 WL 9450683, at \*10 ["The illegal acts of third parties are unforeseeable as a matter of law."].)

In short, Mr. Hiradate's Complaint fails as a matter of law because it does not allege that representations by Defendants—as opposed to subsequent actions by third parties—caused his purported loss.

## B.     Mr. Hiradate Failed to Allege a Claim Against the Two Defendants.

The failure to allege standing is particularly problematic in this case because Mr. Hiradate is attempting to assert his claims against two separate and distinct defendants without any effort to differentiate between the two and what representations each made.

Ralphs is the retail grocer and Kroger is a distinct corporate entity that has some affiliation with Ralphs.  (Compl. ¶¶ 2-3.)  Mr. Hiradate simply refers to both collectively as "RALPH'S" in his Complaint and points to vague statements without any effort to attribute responsibility for any statement between the two separate entities.  (*Id.* ¶ 3.)  This improper, conclusory, and deficient attempt at "group pleading" is insufficient.

"The concept of vicarious liability has no application to actions brought under the unfair business practices act."  (*Emery v. Visa Internat. Serv. Ass'n* (2002) 95 Cal.App.4th 952, 960.)  To the contrary, "[a] defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200 or 17500."  (*Ibid.* [citing *People v. Toomey* (1984) 157 Cal.App.3d 1, 14]; accord *In re Firearm Cases* (2005) 126 Cal.App.4th 959, 983.)  "Similarly, under the CLRA, absent allegations of

participation or control, defendants cannot be held secondarily liable for the acts of third parties." (*In re Hydroxycut Mktg. & Sales Practices Litig.* (S.D.Cal. 2014) 299 F.R.D. 648, 656.)

Applying established California law in the context of companies at different points in the chain of distribution, e.g., retailers and manufacturers, a private plaintiff must offer factual allegations about each party's purported involvement in the alleged fraudulent scheme.  (See, e.g., *Hydroxycut, supra*, 299 F.R.D. at 656 [applying *Emery*]; *Musgrave v. Taylor Farms Pac., Inc.* (N.D.Cal. Feb. 20, 2019) 2019 U.S.Dist.LEXIS 229391, at *19 [dismissing claims against retailers based on failure to allege retailers' responsibility for product representations]; *Tortilla Factory, LLC v. Health-Ade LLC* (C.D.Cal. July 13, 2018) 2018 U.S.Dist.LEXIS 157538, at *32-33 ["courts have uniformly dismissed aiding-and-abetting false advertising claims against retailers/distributors that are alleged to have done nothing more than sell a deceptively advertised product that is manufactured and advertised by a third party . . . plaintiff does not identify a single case in which a court permitted a false advertising claim to proceed against a distributor whose only alleged wrong was selling a mislabeled product"] [collecting cases]; *In re Jamster Mktg. Litig.* (S.D.Cal. May 22, 2009) 2009 U.S.Dist.LEXIS 43592, at *26 ["the court grants the motion to dismiss the §17200 and 17500 claims against Wireless Providers to the extent those claims are based upon the alleged false advertising of Content Providers"].)

Here, Mr. Hiradate offers no factual allegations supporting his allegations that Kroger and Ralphs each made actionable misrepresentations (let alone specific representations that he relied upon).  Mr. Hiradate cannot hold Kroger liable under California's consumer protection statutes based on statements made by Ralphs and vice versa, without any allegation of how they both directly participated in or controlled the purported misrepresentations (whatever they might be).  His failure to plead these fundamental facts further supports dismissal of his claims.

**C.     Mr. Hiradate Failed to Allege Any Statement Was False When Made.**

Mr. Hiradate also fails to allege that any potentially false statement made by either defendant was knowingly false when made.  In particular, because Defendants' true statements, e.g., regarding the value of the Gift Card, were apparently rendered false based on the later

fraudulent actions of third parties, they were not false when made and cannot give rise to liability under the UCL, FAL, or CLRA.

"[W]hile the language of strict liability is frequently repeated in descriptions of the UCL generally, California courts have not applied the language of strict liability" in practice when *true* statements are rendered false based on the later actions of third parties.  (See *Kowalsky v. Hewlett-Packard Co.* (N.D. Cal. 2011) 771 F.Supp.2d 1156, 1160.)  In particular, "where a defendant lacked knowledge of the facts that rendered its representations misleading at the time it made the representations, courts have been unwilling to impose liability . . . ."  (*Ibid.* [dismissing claims under the CLRA and UCL based on statements made by defendant that were true when made].)

Courts have regularly rejected similar attempts by private plaintiffs to make out indistinguishable claims under the UCL, FAL, and CLRA based on true statements rendered false based on the later actions of others.  (See *Neu v. Terminix Int'l, Inc.* (N.D.Cal. July 24, 2008) 2008 U.S.Dist.LEXIS 60505, at *11 ["Even where Plaintiff has alleged false or misleading statements that could support a fraud claim, she has not alleged facts to support a finding that Defendants knew that those statements were false when made.  Plaintiff's California Business and Professions Code §§ 17200 and 17500 and California Civil Code § 1750 claims are dismissed without leave to amend."]; *Kowalsky*, 771 F Supp.2d at p. 1162 ["it seems that HP eventually became aware of the alleged problems with the 8500 Printer, but Plaintiff has not pled sufficient facts to suggest that HP had knowledge of that basic fact at the time that it marketed"]; *Klein v. Earth Elements, Inc.* (1997) 59 Cal.App.4th 965, 970 ["The public is not likely to be deceived by Earth Elements' unintentional distribution of unmerchantable pet food.  While the customer buying 'Nature's Recipe' would anticipate that the product was pet-edible, that same customer would not be *deceived* when the food turned out to be contaminated."].)

Here, Mr. Hiradate apparently concedes that the Gift Card had no value because a third-party enacted a fraud on him and Ralphs after the Gift Card was printed and put on the shelves.  (Compl. ¶¶ 10-11.)  When Mr. Hiradate complained, a Ralphs' employee assisted him and provided recourse to receive a refund.  (*Id.* ¶¶ 10-13.)  The Ralphs employee even "assisted him in submitting the documents via fax" to facilitate his refund.  (*Id.* ¶ 13.)  Despite Mr. Hiradate's

vague and distorted efforts to suggest that Defendants were or should have been aware of the third parties' fraud based on prior incidents, there are no allegations in the Complaint that Defendants were aware of the third-party schemes prior to the printing of any statement that Mr. Hiradate could have relied upon.  The Gift Cards were printed and labeled well before the December 21, 2019, incident, and the purported staff meeting that morning to address that issue.  (*Id.* ¶¶ 9, 11.)

The purpose of California's consumer protection statutes is to protect consumers from preventable, deceptive, and sharp practices.  It is not the tool to remedy harms caused by the actions of third-party fraudsters who take independent steps to render true statements false by their malicious actions.

## IV.    CONCLUSION

Based on the deficiencies identified above, the Court should dismiss Mr. Hiradate's UCL, CLRA, and FAL claims with prejudice.


Dated:  July 7, 2021                              DAVIS WRIGHT TREMAINE LLP

By: _____
    Jacob M. Harper

*Attorneys for Defendants*
*Ralphs Grocery Company*
*and The Kroger Co.*

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 7, 2021, I served the foregoing document(s) described as:
**DEFENDANTS' NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**
 by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Michael Louis Kelly, Esq.<br>Joshua A. Fields, Esq.<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Highway<br>Redondo Beach, CA 90277<br>mlk@kirtlandpackard.com<br>jf@kirtlandpackard.com | Attorneys for Plaintiff Yosuke Hiradate |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on July 7, 2021, at Los Angeles, California.

☑ State I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐ Federal I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |



# Journal Technologies Court Portal

---

# Make a Reservation

---

### YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.

Case Number: 21TRCV00301    Case Type: Civil Unlimited    Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Date Filed: 2021-04-19  Location: Torrance Courthouse - Department B

---

## Reservation

| | |
|---|---|
| Case Name:<br>YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al. | Case Number:<br>21TRCV00301 |
| Type:<br>Demurrer - without Motion to Strike | Status:<br>RESERVED |
| Filing Party:<br>Ralph's Grocery Company (Defendant) | Location:<br>Torrance Courthouse - Department B |
| Date/Time:<br>12/21/2021 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>299213979011 | Confirmation Code:<br>CR-P7WSABHQSU3CVKHJ4 |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| First Paper Fees (Unlimited Civil) | 435.00 | 1 | 435.00 |
| Credit Card Percentage Fee (2.75%) | 11.96 | 1 | 11.96 |
| TOTAL | | | $446.96 |

## Payment

| | |
|---|---|
| Amount:<br>$446.96 | Type:<br>Visa |
| Account Number:<br>XXXX8367 | Authorization:<br>047152 |

---

| 🖨 Print Receipt | ➕ Reserve Another Hearing | 👤 View My Reservations |
|---|---|---|



Make a Reservation | Journal Technologies Court Portal
Copyright © Journal Technologies, USA. All rights reserved.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Torrance Courthouse<br>**Mailing Address:** 825 Maple Avenue<br>**City, State and Zip Code:** Torrance CA 90503 | |
| **SHORT TITLE:** YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>21TRCV00301 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 4464499_2021_07_07_21_29_26_883_4
Submission Number: 21LA03787819
Court Received Date: 07/07/2021
Court Received Time: 3:12 pm
Case Number: 21TRCV00301
Case Title: YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.
Location: Torrance Courthouse
Case Type: Civil Unlimited
Case Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 07/09/2021
Notice Generated Time: 11:20 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Demurrer - without Motion to Strike | Accepted |
| Declaration (name extension) | Accepted |
| Order (name extension) | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**<u>Electronic Filing Service Provider Information</u>**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

EXHIBIT 11

Electronically FILED by Superior Court of California, County of Los Angeles on 07/07/2021 03:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk

Case 2:22-cv-03593-DMG-PD   Document 1   Filed 05/25/22   Page 76 of 203   Page ID #:76

DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

*Attorneys for Defendants*
*Ralphs Grocery Company*
*and The Kroger Co.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT

| | |
|---|---|
| YOSUKE HIRADATE,<br><br>                 Plaintiff,<br><br>   vs.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation; THE KROGER COMPANY, an Ohio Corporation; and DOES 1-50, inclusive,<br><br>               Defendants. | Case No. 21TRCV00301<br>Assigned to the Hon. Gary Y. Tanaka<br><br>**DECLARATION OF JACOB M. HARPER IN SUPPORT OF DEFENDANTS' DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF**<br><br>[***Demurrer and Proposed Order Filed Concurrently***]<br><br>Date:         December 21, 2021<br>Time:        8:30 a.m.<br>Dept.:       B<br><br>***Reservation ID No. 299213979011***<br><br>Action Filed:  April 19, 2021<br>Trial Date:   N/A |

## DECLARATION OF JACOB M. HARPER

I, Jacob M. Harper, declare as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts in the State of California.  I am a partner in the law firm of Davis Wright Tremaine LLP, counsel of record for defendants Ralphs Grocery Company and The Kroger Company (collectively, Defendants).  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.  I make this declaration in support of the concurrently filed Demurrer to the Complaint of plaintiff Yosuke Hiradate.

2.      Defendants were served with the Complaint of plaintiff Yosuke Hiradate on April 23, 2021.  On or about May 21, 2021, counsel for Mr. Hiradate provided a two-week extension until June 7, 2021, and we set a date to meet and confer on Defendants' anticipated demurrer in response to the complaint.  I called counsel for Mr. Hiradate on that date but could not reach him.  Defendants submitted a declaration under Code of Civil Procedure section 430.41 on June 4, 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 7th day of July 2021, at Los Angeles, California.

_____
Jacob M. Harper

HARPER DECLARATION IN SUPPORT OF DEMURRER TO COMPLAINT

<u>PROOF OF SERVICE BY MAIL</u>

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

     **ON JULY 7, 2021, DECLARATION OF JACOB M. HARPER IN SUPPORT OF DEFENDANTS' DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF**
by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Michael Louis Kelly, Esq.<br>Joshua A. Fields, Esq.<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Highway<br>Redondo Beach, CA 90277<br>mlk@kirtlandpackard.com<br>jf@kirtlandpackard.com | Attorneys for Plaintiff Yosuke Hiradate |

     I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

     Executed on July 7, 2021, at Los Angeles, California.

☑     State     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐     Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |



# Journal Technologies Court Portal

# Make a Reservation

**YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.**

Case Number: 21TRCV00301   Case Type: Civil Unlimited   Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Date Filed: 2021-04-19   Location: Torrance Courthouse - Department B

## Reservation

| | |
|---|---|
| Case Name:<br>YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al. | Case Number:<br>21TRCV00301 |
| Type:<br>Demurrer - without Motion to Strike | Status:<br>RESERVED |
| Filing Party:<br>Ralph's Grocery Company (Defendant) | Location:<br>Torrance Courthouse - Department B |
| Date/Time:<br>12/21/2021 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>299213979011 | Confirmation Code:<br>CR-P7WSABHQSU3CVKHJ4 |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| First Paper Fees (Unlimited Civil) | 435.00 | 1 | 435.00 |
| Credit Card Percentage Fee (2.75%) | 11.96 | 1 | 11.96 |
| TOTAL | | | $446.96 |

## Payment

| | |
|---|---|
| Amount:<br>$446.96 | Type:<br>Visa |
| Account Number:<br>XXXX8367 | Authorization:<br>047152 |

🖨 Print Receipt     ➕ Reserve Another Hearing     👤 View My Reservations



Copyright © Journal Technologies, USA. All rights reserved.

# EXHIBIT 12

**CIV-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:                STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME:  Michael Louis Kelly - SBN 82063 / Joshua A. Fields - SBN 242938 | |

FIRM NAME:  KIRTLAND & PACKARD LLP
STREET ADDRESS:  1638 South Pacific Coast Highway
CITY:  Redondo Beach            STATE: CA      ZIP CODE:  90277
TELEPHONE NO.:  (310) 563-1000        FAX NO.:  (310) 536-1001
E-MAIL ADDRESS:  jf@kirtlandpackard.com
ATTORNEY FOR (name):  Yosuke Hiradate

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance 90503
BRANCH NAME: Torrance Courthouse

Plaintiff/Petitioner: Yosuke Hiradate
Defendant/Respondent: Ralph's Grocery Company, et al.

| REQUEST FOR         [x] **Entry of Default**     [ ] **Clerk's Judgment** | CASE NUMBER: |
|---|---|
| (Application)            [ ] **Court Judgment** | 21TRCV00301 |

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*:  April 19, 2021
   b. by *(name)*:  Yosuke Hiradate
   c. [x] Enter default of defendant *(names)*:

      Ralph's Grocery Company, The Kroger Company

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date)*:

2. **Judgment to be entered.**

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . $ | | $ | $ |
| b. | Statement of damages* | | | |
|    | (1) Special . . . . . . . . . . . . . . . . . . . $ | | $ | $ |
|    | (2) General . . . . . . . . . . . . . . . . . . $ | | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . . $ | | $ | $ |
| d. | Costs *(see reverse)* . . . . . . . . . . . . $ | | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . $ | | $ | $ |
| f. | **TOTALS** . . . . . . . . . . . . . . . . . . $ | | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $            per day beginning *(date)*:

   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4)*.

Date:

_____July 8, 2021_____         ▶ *(signature)*
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [ ] Default entered as requested on *(date)*: | |
|---|---|---|
| | (2) [ ] Default NOT entered as requested *(state reason)*: | |
| | Clerk, by _____, Deputy | Page 1 of 2 |

Form Adopted for Mandatory Use
Judicial Council of California CIV-100
[Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
*www.courts.ca.gov*

**CIV-100**

| | |
|---|---|
| Plaintiff/Petitioner: Yosuke Hiradate | CASE NUMBER: |
| Defendant/Respondent: Ralph's Grocery Company, et al. | 21TRCV00301 |

4.  **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** or compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

    a.  Assistant's name:

    b.  Street address, city, and zip code:

    c.  Telephone no.:

    d.  County of registration:

    e.  Registration no.:

    f.  Expires on (date):

5.  ☒ **Declaration under Code Civ. Proc., § 585.5** (for entry of default under Code Civ. Proc., § 585(a)). This action

    a.  ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

    b.  ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

    c.  ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6.  **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

    a.  ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney (names):

    b.  ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

        (1)  Mailed on (date): July 8, 2021

        (2)  To (specify names and addresses shown on the envelopes): Davis, Wright &Tremaine LLP, ATTN: Jacob M. Harper, Esq. 865 South Figueroa St., Suite 2400, Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: July 8, 2021

_____
Joshua A. Fields
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF DECLARANT)

7.  **Memorandum of costs** (required if money judgment requested). Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

    a.  Clerk's filing fees  . . . . . . . . . . . . . . . . . . .  $

    b.  Process server's fees  . . . . . . . . . . . . . . . .  $

    c.  Other (specify):  $

    d.  $

    e.  **TOTAL**  . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

    f.  ☐ Costs and disbursements are waived.

    g.  I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DECLARANT)

8.  **Declaration of nonmilitary status** (required for a judgment). No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 8, 2021

_____
Joshua A. Fields
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form]  [Save this form]  [Clear this form]

1

**PROOF OF SERVICE**
[CCP §§1010.6, 1011, 1013, 1013a, 2015.3; CRC 2.251, 2.306]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

2

3

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1638 South Pacific Coast Highway, Redondo Beach, California 90277.

4

5

On July 8, 2021, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein:  **REQUEST FOR ENTRY OF DEFAULT**

6

7

| | By ELECTRONIC SERVICE pursuant to CCP 1010.6(a)(6), CRC 2.251, and the COVID-19 emergency and by agreement of all parties, on July 8, 2021, from the electronic notification address of the undersigned, I caused the within document(s) to be electronically served on the parties listed below, and the transmission was reported as complete and without error. |
|---|---|
| ✓ | **U.S. MAIL:**  The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date and placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at El Segundo, California on this same date in the ordinary course of business. |

8

9

10

11

12

**PERSONS OR PARTIES SERVED:**

13

14

| *Counsel for Defendants.*<br>Jacob M. Harper | Davis Wright Tremaine LLP<br>Partner, Complex Business Litigation and<br>Class Action Defense<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, California 90017<br>Tel: (213) 633-6863 | Fax: (213) 633-6899<br>Email: jharper@dwt.com | |
|---|---|

15

16

17

18

19

**I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 8, 2021.**

20

21

_____

22

**Marti F. Clark**

23

24

25

26

27

28

EXHIBIT 13

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/13/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fondon _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Yosuke Hiradate | |
| DEFENDANT/RESPONDENT:<br>Ralph's Grocery Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21TRCV00301 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Request for Entry of Default / Judgment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Michael  Kelly
Kirtland & Packard LLP
1638 South Pacific Coast Hwy.
Redondo Beach, CA  90277

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>07/13/2021</u>          By: <u>  M. Fondon                                           </u>
                                                            Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT 14

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
**Branch Name:** Torrance Courthouse
**Mailing Address:** 825 Maple Avenue
**City, State and Zip Code:** Torrance CA 90503

| | |
|---|---|
| **SHORT TITLE:** YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al. | **CASE NUMBER:** 21TRCV00301 |
| **NOTICE OF REJECTION OF ELECTRONIC FILING** | |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Los Angeles.

**Documents Electronically Rejected**
Request for Entry of Default / Judgment

**This electronic filing was returned based on the following reason(s):**
The Defendant's have responded to the case.

# EXHIBIT 15

Electronically FILED by Superior Court of California, County of Los Angeles on 09/22/2021 12:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez,Deputy Clerk

1   DAVIS WRIGHT TREMAINE LLP
     Jacob M. Harper (SBN 259463)
2    *jharper@dwt.com*
     James H. Moon (SBN 268215)
3    *jamesmoon@dwt.com*
4   865 South Figueroa Street, Suite 2400
     Los Angeles, California 90017-2566
5   Telephone: (213) 633-6800
     Facsimile: (213) 633-6899
6

7   *Attorneys for Defendants*
     *Ralphs Grocery Company*
8    *and The Kroger Co.*

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT**

12

13

14   YOSUKE HIRADATE,                          Case No. 21TRCV00301
15                                             Assigned to the Hon. Gary Y. Tanaka
                        Plaintiff,
16                                             **DEFENDANTS' NOTICE REGARDING
          vs.                                  ORDER CONTINUING CASE
17                                             MANAGEMENT CONFERENCE AND
                                               HEARING ON DEMURRER**
18   RALPHS GROCERY COMPANY, an Ohio
     Corporation; THE KROGER COMPANY,
19   an Ohio Corporation; and DOES 1-50,       Action Filed:  April 19, 2021
     inclusive,                                Trial Date:    N/A
20
21                      Defendants.
22
23
24
25
26
27
28

_____
                        NOTICE REGARDING ORDER

**TO THE COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants have been informed by the Court that the (1) case management conference set for October 19, 2021 (reset to December 21, 2021), and (2) hearing on Defendants' Demurrer set for December 21, 2021, at 8:30 a.m., have both been continued until **February 2, 2022, at 8:30 a.m.** in Department B due to the unavailability of the Court on December 21, 2021.

Date:  September 22, 2021

DAVIS WRIGHT TREMAINE, LLP

_____
James H. Moon

*Attorneys for Defendants Ralphs Grocvery Company and The Kroger Company*

NOTICE REGARDING ORDER

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On September 22, 2021, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE REGARDING ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND HEARING ON DEMURRER** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Michael Louis Kelly, Esq.<br>Joshua A. Fields, Esq.<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Highway<br>Redondo Beach, CA 90277<br>mlk@kirtlandpackard.com<br>jf@kirtlandpackard.com | Attorneys for Plaintiff Yosuke Hiradate |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on September 22, 2021, at Los Angeles, California.

☑     State          I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐     Federal       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


_____                    _____
        Frank M. Romero                                           *Frank M. Romero*
           Print Name                                                       Signature

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Torrance Courthouse<br>**Mailing Address:** 825 Maple Avenue<br>**City, State and Zip Code:** Torrance CA 90503 | |
| **SHORT TITLE:** YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>21TRCV00301 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 4747426_2021_09_22_19_11_09_824_9
Submission Number: 21LA04116792
Court Received Date: 09/22/2021
Court Received Time: 12:15 pm
Case Number: 21TRCV00301
Case Title: YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.
Location: Torrance Courthouse
Case Type: Civil Unlimited
Case Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 09/22/2021
Notice Generated Time: 3:22 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Notice (name extension) | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

---

**NOTICE OF CONFIRMATION OF FILING**

# EXHIBIT 16

1  Michael Louis Kelly, State Bar No. 82063
   mlk@kirtlandpackard.com
2  Joshua A. Fields, State Bar No. 242938
   jf@kirtlandpackard.com
3  KIRTLAND & PACKARD LLP
   1638 South Pacific Coast Highway
4  Redondo Beach, California 90277
   Tel: (310) 536-1000 / Fax: (310) 536-1001

5  *Counsel for Plaintiff Yoshi Hiradate*

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

9

10  YOSHI HIRADATE,                          Case No. 21TRCV00301
                                             Assigned to the Hon. Gary Y. Tanaka
11           Plaintiff,

12      v.                                   **FIRST AMENDED COMPLAINT FOR
                                             DAMAGES AND PERMANENT
13  RALPH'S GROCERY COMPANY, an Ohio         INJUNCTIVE RELIEF:**
    Corporation; THE KROGER COMPANY, an
14  Ohio Corporation; and DOES 1-50, inclusive,     1. **Violation of California's Unfair
                                                       Competition Law ("UCL"); Bus. &
15           Defendants.                                Prof. Code § 17200 *et seq.***
                                                    2. **Violation of California's Consumer
16                                                     Legal Remedies Act ("CLRA"); Cal.
                                                       Civil Code §1750 *et seq.***
17                                                  3. **Violation of California's False
                                                       Advertising Law ("FAL"), Bus & Prof.
18                                                     Code § 17500 *et seq.***
                                                    4. **Unjust Enrichment**
19
                                             **JURY TRIAL DEMANDED**
20

21

22

23

24

25

26

27

28
                                    1
                  FIRST AMENDED COMPLAINT

Plaintiff YOSHI HIRADATE ("Plaintiff" or "Mr. Hirdate") alleges as follows:

**THE PARTIES**

1.     Plaintiff, at all relevant times herein, was and is a citizen and resident of Los Angeles County, California.  On December 21, 2019, Plaintiff visited Ralph's Grocery Store located at 1770 Carson Street in Torrance, California, and purchased a $500 Visa Gift Card, as confirmed on the receipt he received.  Plaintiff also incurred a $5.95 Gift Card activation fee.  As soon as Plaintiff returned home, he opened the Gift Card package and checked the balance for the first time, prior to using the Gift Card.  Plaintiff was shocked to learn the Gift Card he had just paid Ralph's $500 for actually had zero value.  Plaintiff quickly returned to the Ralph's store that day to get an explanation for why the Gift Card had no value when he first accessed it.  There, Plaintiff spoke to the Store Manager, who specifically informed him the Gift Card had been tampered with prior to purchase, which according to the Store Manager involved someone's placement of a photo copy of another gift card over the Gift Card Plaintiff had purchased, prior to check out at Ralph's, so the bar card for the other gift card would be visible to receive any money added to the card by the Ralph's cashier at check out. The Store Manager also informed Plaintiff that a staff member meeting regarding this exact problem had been held that very same morning at the store, because valueless gift card sales at Ralph's were apparently a regular, recurring problem.  Additionally, a former assistant manager from another Ralph's store also told Plaintiff gift card tampering has been an ongoing problem for years at Ralph's and that Ralph's is aware of this precise issue happening frequently at its stores.  Thereafter, despite his efforts, neither Ralph's nor the bank returned Plaintiff's money, and he thus incurred a $500 payment to Ralph's in addition to the $5.95 activation fee for nothing in return.

2.     Plaintiff is informed and believes, and upon such information and belief alleges, that defendant Ralph's Grocery Company ("RALPH'S") is an Ohio Corporation with its principal place of business in Cincinnati, Ohio.  RALPH'S is registered to do business in California and operates in Los Angeles County, where its local headquarters are in Compton, California.  RALPH'S is a multistate corporation that operates a chain of grocery stores, selling goods to consumers throughout the country.

3.     Plaintiff is informed and believes, and upon such information and belief alleges, that defendant The Kroger Company ("KROGER") is an Ohio Corporation with its principal place of

2

1   business in Cincinnati, Ohio.  KROGER is registered to do business in California and operates in Los

2   Angeles County, where its local headquarters are in Compton, California.  KROGER operates, either

3   directly or through its subsidiaries such as defendant RALPH'S, which it wholly owns and operates,

4   supermarkets and multi-department stores nationwide.   KROGER and RALPH'S are hereinafter

5   collectively referred to as "Defendants".

6          4.       Plaintiff does not know the true names or capacities of the persons or entities sued

7   herein as DOES 1-50, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff

8   is informed and believes, and upon such information and belief alleges, that each of the DOE

9   Defendants is in some manner legally responsible for the damages suffered by Plaintiff as alleged

10  herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these

11  Defendants when they have been ascertained, along with appropriate charging allegations, as may be

12  necessary.

13         5.       At all times herein mentioned, Defendants, and each of them, were the agents,

14  principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all

15  times acting within the purpose and scope of such agency, service, and employment, and directed,

16  consented, ratified, permitted, encouraged, and approved the acts of each remaining Defendant.

17                              **JURISDICTION AND VENUE**

18         6.       This Court has jurisdiction over all causes of action asserted herein under the California

19  Constitution.

20         7.       Venue is proper in this County because the acts and occurrences alleged herein occurred

21  in this County, and pursuant to California *Civil Code* § 1780(d) because Defendants do business here.

22                              **FACTUAL ALLEGATIONS**

23         8.       This action arises out of RALPH's practice of selling gift cards to California consumers

24  for specified monetary values where the gift cards actually have no value and are thus worthless to the

25  consumers.  Despite RALPH'S knowledge of this issue, RALPH'S sold Mr. Hiradate a worthless gift

26  card for which he paid a substantial amount of money to RALPH'S.

27         9.       On December 21, 2019, Plaintiff visited the RALPH'S store at 1770 Carson Street in

28  Torrance, California, where he saw a Visa Gift Card available for sale, with packaging that indicated it

3

could be purchased in "Any Amount," between $20 and $500" but that it had "NO VALUE *UNTIL PAID FOR AND ACTIVATED AT THE REGISTER.*"  (Emphasis added)  At the RALPH'S STORE, Plaintiff purchased a $500 Visa Gift Card, by requesting the $500 be added to the Gift Card by the Ralph's employee at the cash register, who agreed to do so, and the amount of the transaction was confirmed on the receipt Plaintiff received, which also demonstrated the Gift Card was activated. Plaintiff also incurred a $5.95 activation fee for the Gift Card.  As soon as Plaintiff returned home after making this purchase, he opened the Gift Card package and checked the balance for the first time, prior to using the Gift Card.  Plaintiff was shocked to learn the Gift Card he had just paid RALPH'S $500 for, in addition to the $5.95 activation fee, actually had zero value.

10.     Plaintiff quickly returned to the RALPH'S store on the same day to get an explanation for why the Gift Card had no value when he first attempted to access it.  There, Plaintiff spoke to the Store Manager, Stephanie, who told him the Gift Card had been tampered with prior to purchase. Stephanie also told Plaintiff she would call the Gift Card merchant in order to file a claim for gift card fraud.  After Stephanie filed the claim on that date, she was apparently provided a case number and 10 digit ID which she wrote on Plaintiff's Gift Card receipt.  Stephanie also told Plaintiff on that same date the scenario involved someone's placement of a photo copy of another gift card over the Gift Card Plaintiff had purchased, prior to check out at RALPH'S, so the bar card for the other gift card would be visible to receive any money added to the card by the RALPH'S cashier at check out.

11.     Stephanie also informed Plaintiff during their conversation that a staff member meeting regarding this exact problem had been held that very same morning at the store.  There, staff members at the RALPH'S store were apparently instructed to check for any of the detectable signs of tampering on any gift cards RALPH'S sold, such as different textures between a valid card with ridges at the bar code area and one that had been tampered with and had no such ridges.  Additionally, a former assistant manager from another RALPH'S store in the area named Donald, who Plaintiff also spoke to that night, also told him gift card tampering has been an on-going problem for years at RALPH'S, that he believes the tampering is an inside job, i.e. that someone at RALPH'S was participating in the tampering, and that RALPH'S is aware of this precise issue happening at its stores such as the one in Torrance.

4

12.     Thereafter, Stephanie the RALPH'S Store Manager told Plaintiff he needed to call the gift card company to request a new gift card, and then after calling, he would need to fax a copy of the receipt, gift card, the tampering gift card number (i.e. the photo with a gift card number that was placed over Plaintiff's gift card prior to his purchase of it at RALPH'S), and that Plaintiff would then receive a new gift card within a few weeks.  That night, Plaintiff tried to reach out to the Gift Card merchant several times at the phone number on the back of the card, in order to attempt to have this issue addressed but, despite several attempts, could not reach a service associate or anyone in management at the Gift Card merchant to resolve this matter.

13.     Thereafter, that same night Plaintiff returned to the RALPH'S store in Torrance where Stephanie the Store Manager assisted him in submitting the documents via fax including the receipt (with her writing of the case number and 10 digit ID), a photo copy of the gift card, a photo copy of the package including the false bar code from the gift card, Plaintiff's photo ID and contact information. Shortly thereafter, on a later date, as Stephanie the Store Manager had also suggested, Plaintiff called the 1-866-544-8062 phone number on the activation status receipt RALPH'S gave him, after his purchase, but no one ever answered his multiple calls and there was no messaging system that would allow him to leave a voicemail message.  To date, Plaintiff received no response from the gift card merchant or a replacement card with the value of $500 and the activation fee waived, despite his efforts, and Defendants also have not compensated Plaintiff for the loss.

14.     Thus, RALPH'S knew gift cards such as the one Plaintiff purchased are subject to tampering which can render them worthless, yet it still sold the Gift Card Plaintiff purchased to him and retained $505.95 of Plaintiff's money, despite that Plaintiff received no value in return whatsoever.

15.     Subsequently, Plaintiff has learned of a number of California consumers who have been similarly affected by purchasing a gift card at RALPH'S which had been tampered with prior to purchase.

16.     Defendants should not be selling these gift cards, or be allowed to sell these gift cards at all, considering their actual knowledge of the pervasive tampering issue at RALPH's stores, and that consumers such as Plaintiff end up having purchased gift cards with no value at all.

5

**FIRST CAUSE OF ACTION**

*Business & Professions Code § 17200 et seq.*

(Violation of Unfair Competition Law)

(By Plaintiff Against Defendants RALPH'S and KROGER and Does 1-50)

17.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-16 as though fully set forth herein.

18.     California *Business & Professions Code § 17200 et seq.* (hereafter referred to as the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition," which include any unlawful, unfair, or fraudulent business practice.

19.     The UCL imposes strict liability.  Plaintiff need not prove that Defendants intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices occurred.

20.     RALPH'S selling of gift cards with specified values when the gift cards actually have zero value to the consumer who purchased them, is an unlawful, unfair, and fraudulent business practice prohibited by the UCL.

21.     In carrying out their selling of gift cards for specified values when the gift cards actually have zero value to the consumer who purchased them, Defendants have violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.  Defendants' business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

22.     The harm to Plaintiff and members of the public outweighs the utility of Defendants' practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

23.     Defendants' practices are additionally unfair because they have caused Plaintiff and members of the public substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and which is not an injury the consumers themselves could have reasonably avoided.

24.     Defendants' practices, as set forth above, have misled the general public in the past and

6

1    will mislead the general public in the future.  Consequently, Defendants' practices constitute an

2    unlawful and unfair business practice within the meaning of the UCL.

3         25.    Pursuant to *Business and Professions Code* § 17204, an action for unfair competition

4    may be brought by any "person … who has suffered injury in fact and has lost money or property as a

5    result of such unfair competition."  Defendants' misleading business practice – selling gift cards for

6    specified values when the gift cards actually have zero value to the consumer who purchased them –

7    directly and seriously injured Plaintiff and other members of the public who were thus deprived of

8    their property rights.

9         26.    The unlawful, unfair and fraudulent business practices of Defendants are ongoing and

10   present a continuing threat that members of the public will be misled into believing they are purchasing

11   gift cards for specified values but, like Plaintiff, will be deprived of that value and damaged

12   financially.

13        27.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief

14   ordering Defendants to cease this unfair business practice, as well as disgorgement and restitution of

15   the money Defendants wrongfully obtained from him associated with its unfair business practice.

16   **SECOND CAUSE OF ACTION**

17   ***Civil Code § 1750 et seq.***

18   **(Violation of the Consumer Legal Remedies Act)**

19   **(By Plaintiff Against RALPH'S and KROGER and Does 1-50)**

20        28.    Plaintiff restates and incorporates by reference each and every allegation contained in

21   paragraphs 1-27 as though fully set forth herein.

22        29.    The Consumer Legal Remedies Act (hereafter referred to as the "CLRA") creates a

23   non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or

24   business practices.  *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997).  Its self-

25   declared purpose is to protect consumers against these unfair and deceptive business practices, and to

26   provide efficient and economical procedures to secure such protection.  Cal. Civ. Code § 1760.  The

27   CLRA was designed to be liberally construed and applied in favor of consumers to promote its

28   underlying purposes.  *Id.*

FIRST AMENDED COMPLAINT

30.     More specifically, Plaintiff alleges that Defendants have violated paragraphs 4, 5, 9 and 14 of *Civil Code* Section 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein.  Defendants' unfair and deceptive business practices in carrying out the selling of gift cards for specified values when the gift cards actually have zero value to the consumer who purchased them, as described herein, were and are intended to and did and do result in Plaintiff, and other members of the public, being deprived of their right to a gift card with the value they paid for actually on it, in violation of the CLRA. Cal. Civ. Code § 1770 *et seq.* Plaintiff, and other members of the public, were damaged in that they paid purchase prices for gift cards higher than the zero value they received on the cards.

31.     As a result of Defendants' unfair and/or deceptive business practices, Plaintiff and other members of the public, as a result of the business practice alleged herein, have suffered damage in that they lost a vested right in gift cards at specified values, because Defendants misrepresented that the offers for sale conferred rights to Plaintiff, and other members of the public, which they did not. Plaintiff seeks and is entitled to an order permanently enjoining Defendants from continuing to engage in the unfair and deceptive business practices alleged herein.

32.     Pursuant to section 1782 of the CLRA, Plaintiff has notified Defendants in writing of the particular violations of Section 1770 of the CLRA Plaintiff alleges Defendants committed.  In response, Defendants have not agreed to provide the monetary compensation Plaintiff demanded.

## THIRD CAUSE OF ACTION

### *Business & Professions Code § 17500, et seq.*

**(Violation of the False Advertising Law)**

**(By Plaintiff Against RALPH'S and KROGER and Does 1-50)**

33.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-32 as if fully set forth herein.

34.     California *Business & Professions Code* § 17500 provides that "[I]t is unlawful for any … corporation … with intent … to dispose of … personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising

8

1  device, or by public outcry or proclamation, or in any other manner or means whatever … any

2  statement … which is untrue or misleading, and which is known, or which by exercise of reasonable

3  care should be known, to be untrue or misleading…"

4       35.     Defendants misled consumers by selling gift cards that could be purchased in "Any

5  Amount," between $20 and $500 and according to the packaging have value once "*PAID FOR AND

6  ACTIVATED AT THE REGISTER,*" when the gift cards actually have zero value to the consumers who

7  purchased them at RALPH'S.   (Emphasis added)

8       36.     As a direct and proximate result of Defendants' misleading and false advertising,

9  Plaintiff, along with other members of the public, has suffered injury in fact and has lost money and/or

10 property.

11      37.     The misleading and false advertising described herein presents a continuing threat to

12 Plaintiff, and other members of the public, in that Defendants persists and continue to engage in these

13 practices, and will not cease doing so unless and until forced to do so by this Court.  Defendants'

14 conduct will continue to cause irreparable injury to members of the public unless enjoined or

15 restrained, permanently.

16                          **FOURTH CAUSE OF ACTION**

17                            **(Unjust Enrichment)**

18         **(By Plaintiff Against RALPH'S and KROGER and Does 1-50)**

19      38.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in

20 paragraphs 1-37 as if fully set forth herein.

21      39.     When Plaintiff purchased the Visa Gift Card from the Ralph's Grocery Store located at

22 1770 Carson Street in Torrance, California, he paid $500 for the Gift Card and also incurred a $5.95

23 activation fee.  Thus, Defendants received a $505.95 benefit from the Gift Card transaction with

24 Plaintiff, who in return received a valueless Gift Card from the RALPH'S store.  Despite his numerous

25 requests, Defendants retained the $505.95 benefit they received from Plaintiff, at his sole expense, and

26 the $505.95 has not been otherwise returned to him by Defendants, who have therefore been unjustly

27 enriched as a result of their business practice.

28

FIRST AMENDED COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

1. For restitution and disgorgement of the money and property wrongfully obtained by Defendants by means of their herein-alleged unlawful, unfair and fraudulent business practices;

2. An award of general damages according to proof;

3. An award of special damages according to proof;

4. Exemplary damages in light of Defendants' fraud, malice, and conscious disregard for the rights of Plaintiff;

5. Injunctive relief, including without limitation, public injunctive relief, in the form of a permanent injunction enjoining Defendants from engaging in the unlawful, unfair, and fraudulent business practices alleged herein;

6. For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation, the CLRA, the common law private attorney general doctrine, and *Code of Civil Procedure* § 1021.5;

7. For costs of suit;

8. For such other and further relief as the court deems just and proper.

Dated: January 20, 2022                    **KIRTLAND & PACKARD, LLP**

                                        By: __ */s/ Joshua A. Fields* _____
                                               MICHAEL LOUIS KELLY
                                               JOSHUA A. FIELDS

                                        *Counsel for Plaintiff Yoshi Hiradate*

FIRST AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff YOSHI HIRADATE hereby demands a jury trial.

3

Dated: January 20, 2022                        **KIRTLAND & PACKARD, LLP**

4

5

                                    By:    /s/ *Joshua A. Fields*
6                                            MICHAEL LOUIS KELLY
                                            JOSHUA A. FIELDS
7

8                                          *Counsel for Plaintiff Yoshi Hiradate*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

## DECLARATION OF PROPER VENUE BY YOSUKE HIRADATE

I, Yosuke Hiradate, declare as follows:

1.   I am a Plaintiff in this action, and I am a resident and citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, I could and would testify competently thereto.

2.   The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code § 1780(d) in that Los Angeles County is a county where Defendant does business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Torrance, California on April 15, 2021.

Yosuke Hiradate

11

COMPLAINT

PROOF OF SERVICE
[CCP §§1010.6, 1011, 1013, 1013a, 2015.3; CRC 2.251, 2.306]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1638 South Pacific Coast Highway, Redondo Beach, California 90277.

On January 20, 2022, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein: **FIRST AMENDED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF**

|   | By ELECTRONIC SERVICE pursuant to CCP 1010.6(a)(6), CRC 2.251, and the COVID-19 emergency and by agreement of all parties, on January 20, 2022, from the electronic notification address of the undersigned, I caused the within document(s) to be electronically served on the parties listed below, and the transmission was reported as complete and without error. |
| ✓ | **U.S. MAIL:** The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date and placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at El Segundo, California on this same date in the ordinary course of business. |

**PERSONS OR PARTIES SERVED:**

| *Counsel for Defendants.* |   |
| --- | --- |
| Jacob M. Harper | Davis Wright Tremaine LLP Partner, Complex Business Litigation and Class Action Defense 865 South Figueroa Street, Suite 2400 Los Angeles, California 90017 Tel: (213) 633-6863 | Fax: (213) 633-6899 Email: jharper@dwt.com |   |

**I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 20, 2022.**

_____

**Marti F. Clark**

PROOF OF SERVICE

# EXHIBIT 17

Electronically FILED by Superior Court of California, County of Los Angeles on 01/24/2022 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez,Deputy Clerk

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly-82063 / Joshua A. Fields-242938<br>KIRTLAND & PACKARD LLP<br>1638 S. Pacific Coast Hwy., Redondo Beach, CA 90277<br><br>TELEPHONE NO.: 310-536-1000        FAX NO. *(Optional):* 310-536-1001<br>E-MAIL ADDRESS: mlk@kirtlandpackard.com<br>ATTORNEY FOR *(Name):* Plaintiff Yosuke Hiradate | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 Maple Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance 90503
BRANCH NAME: Torrance Courthouse

PLAINTIFF/PETITIONER: Yosuke Hiradate

DEFENDANT/RESPONDENT: Ralph's Grocery Company and The Kroger Company, et. al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**    [ ] **LIMITED CASE**<br>                (Amount demanded          (Amount demanded is $25,000<br>                exceeds $25,000)          or less) | 21TRCV00301 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 2, 2022        Time: 8:30 a.m.      Dept.: B        Div.:        Room:

Address of court *(if different from the address above):*

[ ]  Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):* Yosuke Hiradate
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* April 19, 2021
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*

      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ]  have had a default entered against them *(specify names):*

   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint      [ ] cross-complaint       *(Describe, including causes of action):*
      Claims for violations of Bus. & Prof. Code 17200, et seq. ("UCL"), Civil Code 1750, et seq. ("CLRA"), and Bus. & Prof. Code
      17500, et seq. ("FAL"), and unjust enrichment against Ralph's & Kroger for selling a valueless gift card but charging $505.95.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | Hiradate | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ralph's | 21TRCV00301 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants Ralph's Grocery and Kroger Co. sold Plaintiff a valueless gift card while charging him $500 for the supposed card value and $5.95 to activate it. Defendants did not return Plaintiff's money, which they've unlawfully retained. Plaintiff seeks a permanent public injunction enjoining Defendants from engaging in this unfair and unlawful business practice & damages.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See attached Dates of Trial and Unavailability.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 3

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. E-mail address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** *(if available).*

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | Hiradate | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ralph's | 21TRCV00301 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | Hiradate | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ralph's | 21TRCV00301 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motion for preliminary public injunctive relief under UCL, FAL, and CLRA.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Percipient depositions | Per Code |
| Plaintiff | Written discovery (RFAs, Rogs, RFPs) | Per Code |
| Plaintiff | Expert discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | Hiradate | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ralph's | 21TRCV00301 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  1/24/22

Joshua A. Fields
_____
(TYPE OR PRINT NAME)

▶  s/ Joshua A. Fields
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## MLK-DATES OF TRIAL AND UNAVAILABILITY

Rev 1/24/22: 128952

| DATE | CASE |
|---|---|
| January 31, 2022 | Sheer v. City of CC - Mediation |
| February 2, 2022 | Ortega v FPU - MSC - Fresno |
| February 25, 2022 | Ortega v FPU - TRC - Fresno |
| February 28, 2022 | Ortega v. FPU - Trial - Fresno |
| April 25, 2022 | Jane Doe 1 v. MBUSD pretrial (USDC) |
| April 26, 2022 | Jane Doe v. English - FSC - LASC |
| May 3, 2022 | Jane Doe 1 v. MBUSD Trial (USDC) |
| May 10, 2022 | Jane Doe v. English - Trial - LASC |
| June 9, 2022 | Sheer v. City of CC - FSC - LASC |
| June 22, 2022 | Silva v. Imagine Schools - MSC - Riverside |
| June 23, 2022 | Sheer v. City of CC - Trial - LASC |
| July 1, 2022 | Silva v. Imagine Schools - Trial - Riverside |
| September 19, 2022 | Elliott v. YMCA - FSC - LASC |
| October 3, 2022 | Elliott v. YMCA - Trial - LASC |
| October 24-28, 2022 | Ortega v. PPB - Arbitration |
| November 10, 2022 | Adle v. Isaab - MSC - Orange County |
| November 28, 2022 | Adle v. Isaab - Trial - Orange County |
| January 18, 2023 | Cruz v. Redondo Beach - FSC - LASC |
| January 20, 2023 | Thompson v. Airbahn - MSC - Orange County |
| February 1, 2023 | Cruz v. Redondo Beach - Trial - LASC |
| February 21, 2023 | Thompson v. Airbahn - Trial - Orange County |
| May 2, 2023 | Aspel v. City of RPV - FSC |
| May 10, 2023 | Jane Doe (Rich-Ortiz) - FSC - LASC |
| May 16, 2023 | Aspel v. City of RPV - Trial |
| May 16, 2023 | Gallucci v. Mosser - FSC |
| May 24, 2023 | Jane Doe (Rich-Ortiz) - Trial - LASC |
| May 24, 2023 | Kanamala v. - FSC - LASC |
| May 30, 2023 | Gallucci v. Mosser - Trial - LASC |
| June 7, 2023 | Kanamala v. - Trial - LASC |

PROOF OF SERVICE
[CCP §§1010.6, 1011, 1013, 1013a, 2015.3; CRC 2.251, 2.306]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1638 South Pacific Coast Highway, Redondo Beach, California 90277.

On January 24, 2022, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein:   **CASE MANAGEMENT STATEMENT**

|  | By ELECTRONIC SERVICE pursuant to CCP 1010.6(a)(6), CRC 2.251, and the COVID-19 emergency and by agreement of all parties, on January 24, 2022, from the electronic notification address of the undersigned, I caused the within document(s) to be electronically served on the parties listed below, and the transmission was reported as complete and without error. |
| ✓ | **U.S. MAIL:**  The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date and placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at El Segundo, California on this same date in the ordinary course of business. |

**PERSONS OR PARTIES SERVED:**

| *Counsel for Defendants.*<br>Jacob M. Harper | Davis Wright Tremaine LLP<br>Partner, Complex Business Litigation and<br>Class Action Defense<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, California 90017<br>Tel: (213) 633-6863 | Fax: (213) 633-6899<br>Email: jharper@dwt.com |  |

**I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 24, 2022.**

**Marti F. Clark**

# EXHIBIT 18

Electronically FILED by Superior Court of California, County of Los Angeles on 01/25/2022 11:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Perez, Deputy Clerk

**Cmc CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jacob M. Harper (SBN 259463)  James H. Moon (SBN 268215)<br>Davis Wright Tremaine LLP<br>865 S. Figueroa St., Ste. 2400<br>Los Angeles, CA  90017-2566<br>TELEPHONE NO.: (213) 633-6800      FAX NO. *(Optional):* (213) 633-6899<br>E-MAIL ADDRESS *(Optional):* jacobharper@dwt.com; jamesmoon@dwt.com<br>ATTORNEY FOR *(Name):* Defendants Ralph's Grocery Co. & The Kroger Co. | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS: 825 Maple Ave.
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Torrance Courthouse

PLAINTIFF/PETITIONER: YOSUKE HIRADATE

DEFENDANT/RESPONDENT: RALPH'S GROCERY CO. *et al.*

| | | |
|---|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | | CASE NUMBER:<br>21TRCV00301 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 2, 2022      Time: 8:30 a.m.      Dept.: B      Div.:      Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by *(name):*** James H. Moon

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendants Ralph's Grocery Co. & The Kroger Co. ("Defendants")
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* April 19, 2021
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint     *(Describe, including causes of action):*
      Plaintiff asserts individual claims against Defendants for violation of California's Unfair Competition Law (UCL),
      Consumers Legal Remedies Act (CLRA), and False Advertising Law (FAL) based on the sale of a $500 gift card
      that was allegedly tampered with by third parties prior to the sale.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: YOSUKE HIRADATE | CASE NUMBER:<br>21TRCV00301 |
| DEFENDANT/RESPONDENT: RALPH'S GROCERY CO. *et al.* | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff filed this action against Defendants to recover the value of a $500 gift card that he purchased from a Ralphs store and the $5.95 activation fee.  Defendants have demurred and Plaintiff has not opposed the demurrer.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request    ☒  a jury trial    ☐  a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐   The trial has been set for *(date):*

b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*  No trial date should be set because the case is not yet at issue.

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒   days *(specify number):* 3

b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial    ☒  by the attorney or party listed in the caption    ☐  by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:                                         f.   Fax number:

e.   E-mail address:                                            g.   Party represented:

☐   Additional representation is described in Attachment 8.

9.  **Preference**

☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒  has    ☐  has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐  has    ☐  has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
CRC 3.811(b)(1)

**CM-110**

| PLAINTIFF/PETITIONER: YOSUKE HIRADATE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RALPH'S GROCERY CO. *et al.* | 21TRCV00301 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: YOSUKE HIRADATE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: RALPH'S GROCERY CO. *et al.* | 21TRCV00301 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendants filed a demurrer set for hearing on February 2 (the same date and time as the CMC). Plaintiff has not opposed the demurrer.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | Per Code |
| Defendants | Third-Party Discovery | Per Code |
| Defendants | Depositions | Per Code |
| Defendants | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

**Page 4 of 5**

| PLAINTIFF/PETITIONER: YOSUKE HIRADATE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RALPH'S GROCERY CO. *et al.* | 21TRCV00301 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* Defendants filed a demurrer set for hearing on February 2 (the same date and time as the CMC). Plaintiff has not opposed the demurrer.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* If this matter is not dismissed with prejudice, Defendants request a 90-day continuance of the CMC to allow a determination on its pending demurrer, which was not opposed by Plaintiff.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 25, 2022

James H. Moon
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Case No. 19CV02637

PROOF OF SERVICE

<u>PROOF OF SERVICE BY OVERNIGHT MAIL</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Overnight Service.  Such correspondence will be deposited with a facility regularly maintained for Overnight Service for receipt on the next business day.

On January 25, 2022, I served the following document(s):

**CASE MANAGEMENT STATEMENT**

by placing a **true copy** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Michael Louis Kelly, Esq.<br>Joshua A. Fields, Esq.<br>Kirtland & Packard LLP<br>1638 South Pacific Coast Highway<br>Redondo Beach, CA 90277<br>mlk@kirtlandpackard.com<br>jf@kirtlandpackard.com | Attorneys for Plaintiff Yosuke Hiradate |

and by sealing the envelope and placing it for collection and delivery by an overnight mail service with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on January 25, 2022, at Los Angeles, California.

☑   State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Torrance Courthouse<br>**Mailing Address:** 825 Maple Avenue<br>**City, State and Zip Code:** Torrance CA 90503 | |
| **SHORT TITLE:** YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>21TRCV00301 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 5248928_2022_01_25_19_17_15_846_6
Submission Number: 22LA00098908
Court Received Date: 01/25/2022
Court Received Time: 11:19 am
Case Number: 21TRCV00301
Case Title: YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.
Location: Torrance Courthouse
Case Type: Civil Unlimited
Case Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 01/25/2022
Notice Generated Time: 11:21 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Case Management Statement | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

---

**NOTICE OF CONFIRMATION OF FILING**

EXHIBIT 19

Electronically FILED by Superior Court of California, County of Los Angeles on 01/25/2022 11:16 AM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Perez,Deputy Clerk

DAVIS WRIGHT TREMAINE LLP
 Jacob M. Harper (SBN 259463)
 *jharper@dwt.com*
 James H. Moon (SBN 268215)
 *jamesmoon@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

*Attorneys for Defendants*
*Ralphs Grocery Company*
*and The Kroger Co.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT**

| | |
|---|---|
| YOSUKE HIRADATE,<br><br>               Plaintiff,<br><br>   vs.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation; THE KROGER COMPANY, an Ohio Corporation; and DOES 1-50, inclusive,<br><br>               Defendants. | Case No. 21TRCV00301<br>Assigned to the Hon. Gary Y. Tanaka<br><br>**DEFENDANTS' NOTICE OF PLAINTIFF'S NON-OPPOSITION TO DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Date:       February 2, 2022<br>Time:      8:30 a.m.<br>Dept.:     B<br><br>***Reservation ID No. 299213979011***<br><br>Action Filed:  April 19, 2021<br>Trial Date:   N/A |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Ralphs Grocery Company and The Kroger Co. (collectively, Defendants) have not received any opposition to its pending Demurrer to the Complaint of Plaintiff Yosuke Hiradate ("Plaintiff").

On July 7, 2021, Defendants timely filed their Demurrer as reflected on the Court's docket and served it upon Plaintiff as reflected on the Proof of Service. The hearing on the Demurrer was originally set for December 21, 2021. The hearing was reset by the Court to February 2, 2022, at 8:30 a.m. in Department B. Defendants provided notice of the new hearing date on September 22, 2022, and filed the notice and Proof of Service with the Court that same day. Based on the new hearing date, Plaintiff's opposition, if any, was required to be filed by January 20, 2022, and served in a manner calculated to ensure delivery by the close of the next business day. (See Code Civ. Proc., § 1005.) Defendants have not been served with any opposition to the Demurrer as of the time of this filing on January 25, 2022. The Court's docket also does not reflect any filing.

The lack of any timely opposition further supports dismissal of Plaintiff's claims against Defendants with prejudice. (See *Herzberg v. Cty. of Plumas* (2005) 133 Cal.App.4th 1, 20 [failure to oppose demurrer to cause of action as abandonment of issue]; *Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1083; see also Weil *et al.*, Cal. Practice Guide: Civil Procedure Before Trial (2006) ¶ 9:105.10 [failure to oppose may constitute admission that motion is meritorious: "The purpose is to prevent introduction of legal theories without notice to opposing counsel and the court."].) For the reasons stated in the Demurrer, the lack of any opposition, and good cause shown, the Court should grant Defendants' Motion and dismiss Plaintiff's claims against them with prejudice.

Dated: January 25, 2021

DAVIS WRIGHT TREMAINE LLP

By: _____
Jacob M. Harper

*Attorneys for Defendants Ralphs Grocery Company and The Kroger Co.*

<u>PROOF OF SERVICE BY OVERNIGHT MAIL</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Overnight Service. Such correspondence will be deposited with a facility regularly maintained for Overnight Service for receipt on the next business day.

On January 25, 2022, I served the following document(s):

**DEFENDANTS' NOTICE OF PLAINTIFF'S NON-OPPOSITION TO DEMURRER TO PLAINTIFF'S COMPLAINT**

by placing a **true copy** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Michael Louis Kelly, Esq.                    Attorneys for Plaintiff Yosuke Hiradate
Joshua A. Fields, Esq.
Kirtland & Packard LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
mlk@kirtlandpackard.com
jf@kirtlandpackard.com

and by sealing the envelope and placing it for collection and delivery by an overnight mail service with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on January 25, 2022, at Los Angeles, California.

☑    State      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Torrance Courthouse
**Mailing Address:** 825 Maple Avenue
**City, State and Zip Code:** Torrance CA 90503

| SHORT TITLE: YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al. | CASE NUMBER: 21TRCV00301 |
|---|---|
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 5248823_2022_01_25_19_09_10_537_3
Submission Number: 22LA00098880
Court Received Date: 01/25/2022
Court Received Time: 11:16 am
Case Number: 21TRCV00301
Case Title: YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY, et al.
Location: Torrance Courthouse
Case Type: Civil Unlimited
Case Category: Other Commercial/Business Tort (not fraud/ breach of contract)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 01/25/2022
Notice Generated Time: 11:20 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Notice (name extension) | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

# EXHIBIT 20

Michael Louis Kelly, State Bar No. 82063
mlk@kirtlandpackard.com
Joshua A. Fields, State Bar No. 242938
jf@kirtlandpackard.com
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway
Redondo Beach, California  90277
Tel: (310) 536-1000 / Fax: (310) 536-1001

*Counsel for Plaintiff Yoshi Hiradate*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| YOSHI HIRADATE,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH'S GROCERY COMPANY, an Ohio Corporation; THE KROGER COMPANY, an Ohio Corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 21TRCV00301<br>Assigned to Hon. Gary Y. Tanaka, Dept. B<br><br>**PLAINTIFF'S NOTICE OF TIMELY FILING AND SERVICE OF FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: April 19, 2021<br>Trial Date: N/A |

1

**TO THE HONORABLE COURT AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Yoshi Hiradate ("Plaintiff") timely filed and served his First Amended Complaint for Damages and Permanent Injunctive Relief ("FAC") in the above-captioned action on January 20, 2022, pursuant to *Code of Civil Procedure* § 472(a). "[T]he filing of an amended complaint renders moot a demurrer to the original complaint." *JKC38H v. Colton* (2013), 221 Cal.App.4th 1468, 1477. Thus, Defendants' demurrer, currently set for hearing February 2, 2022, has been mooted. Additionally, all arguments set forth in Defendants' Notice of Plaintiff's Non-Opposition to Demurrer to Plaintiff's Complaint, filed on January 25, 2022, should be disregarded as the demurrer discussed therein is moot.

Dated: January 26, 2022            **KIRTLAND & PACKARD, LLP**

By:    /s/ *Joshua A. Fields*
             MICHAEL LOUIS KELLY
             JOSHUA A. FIELDS

             *Counsel for Plaintiff Yoshi Hiradate*

PLAINTIFF'S NOTICE OF TIMELY FILING OF FIRST AMENDED COMPLAINT

PROOF OF SERVICE
[CCP §§1010.6, 1011, 1013, 1013a, 2015.3; CRC 2.251, 2.306]
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1638 South Pacific Coast Highway, Redondo Beach, California 90277.

On January 26, 2022, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein:   **PLAINTIFF'S NOTICE OF TIMELY FILING AND SERVICE OF FIRST AMENDED COMPLAINT**

| | |
|---|---|
| | By **ELECTRONIC SERVICE** pursuant to CCP 1010.6(a)(6), CRC 2.251, and the COVID-19 emergency and by agreement of all parties, on January 26, 2022, from the electronic notification address of the undersigned, I caused the within document(s) to be electronically served on the parties listed below, and the transmission was reported as complete and without error. |
| ✓ | **U.S. MAIL:** The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date and placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at El Segundo, California on this same date in the ordinary course of business. |

**PERSONS OR PARTIES SERVED:**

| | |
|---|---|
| _Counsel for Defendants._<br>Jacob M. Harper \| Davis Wright Tremaine LLP<br>Partner, Complex Business Litigation and<br>Class Action Defense<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, California 90017<br>Tel: (213) 633-6863 \| Fax: (213) 633-6899<br>Email: jharper@dwt.com | |

**I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 26, 2022.**

Marti F. Clark

PROOF OF SERVICE

EXHIBIT 21

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Southwest District, Torrance Courthouse, Department B

**21TRCV00301**                                                            February 2, 2022
**YOSUKE HIRADATE vs RALPH'S GROCERY COMPANY,**                              8:30 AM
**et al.**

Judge: Honorable Gary Y. Tanaka                CSR: None
Judicial Assistant: J. Ahn                     ERM: None
Courtroom Assistant: M. Fondon                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Joshua A. Fields For Michael Kelly (Telephonic)

For Defendant(s): James Moon For Jacob M. Harper (Telephonic)

**NATURE OF PROCEEDINGS:** Case Management Conference

Matter is called for hearing.

Pursuant to the request of defendant, the Case Management Conference scheduled for
02/02/2022 is continued to 4/12/2022 at 08:30 AM in Department B at Torrance Courthouse.

Notice is waived.

# EXHIBIT 22

Electronically FILED by Superior Court of California, County of Los Angeles on 02/24/2022 11:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

1  DAVIS WRIGHT TREMAINE LLP
     Jacob M. Harper (SBN 259463)
2    *jharper@dwt.com*
     James H. Moon (SBN 268215)
3    *jamesmoon@dwt.com*
     Peter K. Bae (SBN 329158)
4    *peterbae@dwt.com*
5  865 South Figueroa Street, Suite 2400
   Los Angeles, California 90017-2566
6  Telephone:  (213) 633-6800
   Facsimile:  (213) 633-6899
7

8  *Attorneys for Defendants Ralphs Grocery*
   *Co. and The Kroger Co.*
9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                      **COUNTY OF LOS ANGELES**

13

14  YOSHI HIRADATE,                          Case No. 21TRCV00301
                                             Assigned to the Hon. Gary Y. Tanaka
15                        Plaintiff,
                                             **DECLARATION OF JACOB M. HARPER**
16         v.                                **REGARDING INABILITY TO MEET**
                                             **AND CONFER [CCP 430.41]**
17  RALPHS GROCERY CO., an Ohio
18  corporation; THE KROGER CO., an Ohio     Action Filed:      April 19, 2021
    corporation; and DOES 1-50, inclusive,   Trial Date:        n/a
19
                          Defendants.
20

21

22

23

24

25

26

27

28

## DECLARATION OF JACOB M. HARPER

I, Jacob M. Harper, declare and state as follows:

1.      I am a partner at the law firm of Davis Wright Tremaine LLP, counsel of record for Defendants Ralphs Grocery Co. and The Kroger Co. (collectively, Defendants) in this action. This declaration is based on my own personal knowledge or, where appropriate, on information and belief.  If called as a witness, I could and would testify competently to the information set forth herein.

2.      I make this declaration pursuant to Code of Civil Procedure section 430.41(a)(2) based on the inability of the parties to meet and confer at least five days prior to the date Defendants' response to Plaintiff Yoshi Hiradate's (Plaintiff) operative First Amended Complaint (FAC) is due.

3.      Plaintiff filed the FAC on January 20, 2022, and served this pleading via U.S. Mail on Defendants.  Therefore, Defendants' response to the FAC would be due on February 24, 2022.

4.      On February 2, 2022, my colleague James Moon emailed Plaintiff's counsel Joshua Fields to set up a time to meet and confer regarding this matter.  Mr. Moon and Mr. Fields spoke on February 4, 2022.  During that phone call, Mr. Moon advised Mr. Fields of several issues regarding the FAC, but Mr. Fields confirmed he would pursue, *inter alia*, the public injunctive relief claim.  The parties agreed to exchange correspondence and meet and confer regarding these issues to see if they could be resolved without a court ruling.

5.      On February 18, 2022, Mr. Fields emailed Mr. Moon requesting a follow up call. I responded to Mr. Fields' email on February 22 and February 24, 2022, seeking to meet and confer regarding Defendants' intent to demur to the FAC, but the parties were not able to schedule a time.  Thus, the parties have not had an opportunity to have in-depth discussions regarding these issues or any other issues that may come up in meet and confer discussions five days before Defendants' response to the FAC is due.

6.      Defendants have not previously obtained an automatic extension of time to respond to the FAC.

7.      In light of the facts stated in this declaration, Defendants are entitled to the automatic 30-day extension of time within which to file a response to the FAC as provided by Code of Civil Procedure Section 430.41(a)(2).  Defendants' deadline to respond to the FAC is continued by 30 days until March 28, 2022.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 24th day of February 2022, at Los Angeles, California.

_____
Jacob M. Harper

**PROOF OF SERVICE BY U.S. MAIL**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On February 24, 2022, I served the foregoing document(s) described as:

**DECLARATION OF JACOB M. HARPER
REGARDING INABLITY TO MEET AND CONFER [CCP 430.41]**

by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Michael Louis Kelly, Esq.                Attorneys for Plaintiff Yosuke Hiradate
Joshua A. Fields, Esq.
Kirtland & Packard LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
mlk@kirtlandpackard.com
jf@kirtlandpackard.com

☒ I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on February 24, 2022, at Los Angeles, California.

☒   State      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐   Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Monica Davis                             _____
Print Name                                    Signature

---

PROOF OF MAIL SERVICE
4817-8304-4020v.1 -

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 23

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly - SBN 82063<br>KIRTLAND & PACKARD LLP<br>1638 S. Pacific Coast Hwy.<br>Redondo Beach, CA 90277<br>TELEPHONE NO.: (310) 536-1000   FAX NO. *(Optional):* (310) 536-1001<br>E-MAIL ADDRESS *(Optional):* mlk@kirtlandpackard.com<br>ATTORNEY FOR *(Name):* Yosuke Hiradate | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS: 825 Maple Ave.
CITY AND ZIP CODE: Torrance 90503
BRANCH NAME: Torrance Courthouse

CASE NAME:
Hiradate v. Ralph's Grocery Co., et al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>21TRCV00301 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Yosuke Hiradate    makes the following substitution:

1. **Former legal representative**  ☐ Party represented self  ☑ Attorney *(name):* Michael Louis Kelly
2. **New legal representative**  ☐ Party is representing self*  ☑ Attorney
   a. Name: Joshua A. Fields
   b. State Bar No. *(if applicable):* 242938
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      Schonbrun Seplow Harris Hoffman & Zeldes, LLP
      501 W. Broadway, Suite 800, San Diego, CA 92101
   d. Telephone No. *(include area code):* (619)-400-4990
3. The party making this substitution is a  ☑ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent  ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date: March 10, 2022
   Yosuke Hiradate
   _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY)

5. ☑  I consent to this substitution.
   Date: March 10, 2022
   Michael Louis Kelly
   _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF FORMER ATTORNEY)

6. ☑  I consent to this substitution.
   Date: March 10, 2022
   Joshua A. Fields
   _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

MC-050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Hiradate v. Ralph's Grocery Co., et al. | 21TRCV00301 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):* 1638 S. Pacific Coast Hwy.
   Redondo Beach, CA 90277

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: March 11, 2022      (2) Place of mailing *(city and state):* Redondo Beach, CA 90277

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:      March 11, 2022

_____          _____
              Marti F. Clark                                                     (SIGNATURE)
         (TYPE OR PRINT NAME)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:      Jacob M. Harper – Davis Wright Tremaine LLP
   b. Address *(number, street, city, and ZIP):* 865 S. Figueroa Street, Suite 2400,
      Los Angeles, CA 90017

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

   ☐ List of names and addresses continued in attachment.

### SUBSTITUTION OF ATTORNEY—CIVIL
### (Without Court Order)

# EXHIBIT 24

Electronically Received 03/28/2022 12:29 PM

Electronically Received 03/28/2022 12:29 PM

1

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jharper@dwt.com*
James H. Moon (SBN 268215)
*jamesmoon@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

2

3

4

5

6

7

8

*Attorneys for Defendants Ralphs Grocery
Company and The Kroger Co.*

9

**FILED**
Superior Court of California
County of Los Angeles

**04/01/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ J. Ahn _____ Deputy

10

11

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12

**COUNTY OF LOS ANGELES**

13

14

YOSHI HIRADATE,

15

Plaintiff,

16

v.

17

18

RALPHS GROCERY COMPANY, an Ohio
corporation; THE KROGER CO., an Ohio
corporation; and DOES 1-50, inclusive,

19

20

Defendants.

Case No. 21TRCV00301
Assigned to the Hon. Gary Y. Tanaka

**STIPULATION TO EXTEND DEADLINE
TO RESPOND TO FIRST AMENDED
COMPLAINT; [~~PROPOSED~~] ORDER**

Action Filed:    April 19, 2021
Trial Date:       n/a

21

22

23

24

25

26

27

28

1   Plaintiff Yoshi Hiradate, together with Defendants Ralphs Grocery Company and The

2   Kroger Co. (collectively, Defendants), present the following stipulation for the Court's approval.

3   A.   On April 19, 2021, Plaintiff filed the original Complaint.  On April 23, 2021,

4   Plaintiff personally served this pleading on Defendants.  Therefore, Defendants' response to the

5   Complaint was due on May 24, 2021.

6   B.   On or about May 21, 2021, Plaintiff's counsel provided a 14-day extension for

7   Defendants to respond to the Complaint until June 7, 2021.

8   C.   On June 4, 2021, Defendants filed a Declaration Regarding Inability to Meet and

9   Confer on the Complaint, which automatically continued Defendants' deadline to respond to the

10   Complaint until July 7, 2021.

11   D.   On July 7, 2021, Defendants filed a Demurrer to the Complaint.

12   E.   On January 20, 2022, Plaintiff filed the operative First Amended Complaint

13   (FAC), and served this pleading on Defendants via U.S. Mail.  Therefore, Defendants' response

14   to the FAC was due on February 24, 2022.

15   F.   On February 24, 2022, Defendants filed a Declaration Regarding Inability to Meet

16   and Confer on the FAC, which automatically continued Defendants' deadline to respond to the

17   FAC until March 28, 2022.

18   G.   On March 18, 2022, counsel for the parties conferred telephonically regarding

19   Defendants' anticipated demurrer to the FAC and continue to confer on whether issues

20   Defendants' counsel have raised may be resolved without the filing of a demurrer.

21   H.   The parties believe good cause exists to extend Defendants' current response

22   deadline to the FAC by 14 days (i.e., until April 11, 2022) to allow the parties to further confer

23   regarding issues Defendants' counsel has raised.  The parties agree Defendants will not be in

24   default if the Court does not rule on this stipulation before April 11, 2022, and Plaintiff will not

25   seek an entry of default during that period.

26   **IT IS HEREBY STIPULATED** and agreed by and between the parties as follows:

27   Defendants' deadline to respond to Plaintiff's FAC is extended from March 28, 2022 to April 11,

28

1    2022.  Defendants will not be in default if the Court does not rule on this stipulation before April

2    11, 2022, and Plaintiff will not seek an entry of default during that period.

3         **IT IS SO STIPULATED.**

4
5    Dated:  March 28, 2022                    SCHONBRUN SEPLOW HARRIS HOFFMAN
                                               & ZELDES, LLP

6                                              By:  /s/ Joshua A. Fields
7                                                    Joshua A. Fields

8                                              *Attorneys for Plaintiff Yoshi Hiradate*

9    Dated:  March 28, 2022                    DAVIS WRIGHT TREMAINE LLP

10                                             By:  /s/ Jacob M. Harper
11                                                   Jacob M. Harper

12                                             *Attorneys for Defendants Ralphs Grocery*
                                               *Company and The Kroger Co.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[~~PROPOSED~~] ORDER**

Upon the stipulation of the parties and for good cause shown, Defendants Ralphs Grocery Company and The Kroger Co.'s deadline to respond to Plaintiff's First Amended Complaint is continued from March 28, 2022 to April 11, 2022.

**IT IS SO ORDERED.**

Date: _____ 04/14, 2022

Gary Y. Tanaka

Gary Y. Tanaka / Judge

Honorable Gary Y. Tanaka
Judge of the Superior Court

<u>PROOF OF SERVICE BY MAIL</u>

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

   On March 28, 2022, I served the foregoing document(s) described as: **STIPULATION TO EXTEND DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT; [PROPOSED] ORDER**  by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Joshua A. Fields           Attorneys for Plaintiff Yosuke Hiradate
Schonbrun Seplow Harris Hoffman & Zeldes, LLP
501 W. Broadway, Suite 800
San Diego, CA  92101
jf@sshhzlaw.com
Tel:  (619) 400-4990
Fax:  (310) 399-7040

   I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

   Executed on March 28, 2022, at Los Angeles, California.


☑  State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐  Federal  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


| Lina Pearmain | |
|---|---|
| Print Name | Signature |

EXHIBIT 25

Electronically FILED by Superior Court of California, County of Los Angeles on 04/08/2022 12:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jharper@dwt.com*
James H. Moon (SBN 268215)
*jamesmoon@dwt.com*
Peter K. Bae (SBN 329158)
*peterbae@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

*Attorneys for Defendants Ralph's Grocery Company and The Kroger Company*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| YOSHI HIRADATE,<br><br>                    Plaintiff,<br><br>        v.<br><br>RALPH'S GROCERY COMPANY, an Ohio corporation; THE KROGER CO., an Ohio corporation; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. 21TRCV00301<br>Assigned to the Hon. Gary Y. Tanaka<br><br>**NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE**<br><br>Date:          June 1, 2022<br>Time:         8:30 a.m.<br>Dept.:         B<br><br>Action Filed:          April 19, 2021<br>Trial Date:             n/a |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

      **PLEASE TAKE NOTICE** that on April 8, 2022, the Court continued the Case Management Conference set on April 12, 2022 to June 1, 2022, at 8:30 a.m., in Dept. B, before Judge Gary Y. Tanaka.

Dated:  April 8, 2022                DAVIS WRIGHT TREMAINE LLP

                                      By: _____
                                        Jacob M. Harper

                                     *Attorneys for Defendant*
                                     *Ralph's Grocery Company and The Kroger Co.*

<u>PROOF OF SERVICE</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On April 8, 2022, I served the foregoing document(s) described as: **NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE** as follows:

| | |
|---|---|
| Joshua A. Fields | Attorneys for Plaintiff Yosuke Hiradate |
| Schonbrun Seplow Harris Hoffman & Zeldes, LLP | |
| 501 W. Broadway, Suite 800 | |
| San Diego, CA  92101 | |
| jf@sshhzlaw.com | |
| Tel:  (619) 400-4990 | |
| Fax:  (310) 399-7040 | |

__X__   (VIA MAIL) I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

__X__   (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address **linapearmain@dwt.com**, at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

Executed on April 8, 2022, at Los Angeles, California.

☑   State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Lina Pearmain | |
| Print Name | Signature |

# EXHIBIT 26

Electronically Received 04/11/2022 04:01 PM

Electronically Received 04/11/2022 04:01 PM

1   DAVIS WRIGHT TREMAINE LLP
     Jacob M. Harper (SBN 259463)
2    *jharper@dwt.com*
     James H. Moon (SBN 268215)
3    *jamesmoon@dwt.com*
     Peter K. Bae (SBN 329158)
4    *peterbae@dwt.com*
5   865 South Figueroa Street, Suite 2400
    Los Angeles, California 90017-2566
6   Telephone:  (213) 633-6800
    Facsimile:  (213) 633-6899
7

8   *Attorneys for Defendants Ralphs Grocery*
    *Company and The Kroger Co.*
9

**FILED**
Superior Court of California
County of Los Angeles

**04/14/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
          J. Ahn

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                         **COUNTY OF LOS ANGELES**

13

14   YOSHI HIRADATE,                        Case No. 21TRCV00301
                                             Assigned to the Hon. Gary Y. Tanaka
15                    Plaintiff,
                                             **STIPULATION TO EXTEND DEADLINE**
16        v.                                 **TO RESPOND TO FIRST AMENDED**
                                             **COMPLAINT; [~~PROPOSED~~] ORDER**
17   RALPHS GROCERY COMPANY, an Ohio
     corporation; THE KROGER CO., an Ohio    Action Filed:    April 19, 2021
18   corporation; and DOES 1-50, inclusive,  Trial Date:      n/a
19                    Defendants.
20

21

22

23

24

25

26

27

28

1   Plaintiff Yoshi Hiradate, together with Defendants Ralphs Grocery Company and The

2   Kroger Co. (collectively, Defendants), present the following stipulation for the Court's approval.

3   A.   On April 19, 2021, Plaintiff filed the original Complaint.

4   B.   On July 7, 2021, Defendants filed a Demurrer to the Complaint.

5   C.   On January 20, 2022, Plaintiff filed the operative First Amended Complaint

6   (FAC), and served this pleading on Defendants via U.S. Mail.  Therefore, Defendants' response

7   to the FAC was due on February 24, 2022.

8   D.   On February 24, 2022, Defendants filed a Declaration Regarding Inability to Meet

9   and Confer on the FAC, which automatically continued Defendants' deadline to respond to the

10   FAC until March 28, 2022.

11   E.   On March 18, 2022, counsel for the parties conferred telephonically regarding

12   Defendants' anticipated demurrer to the FAC.

13   F.   On March 28, 2022, the parties stipulated to extend Defendants' response

14   deadline to the FAC until April 11, 2022, in order to further confer regarding issues Defendants'

15   counsel had raised.

16   G.   On April 1, 2022, the Court entered the parties' stipulation to extend Defendants'

17   response deadline to the FAC until April 11, 2022.

18   H.   On April 11, 2022, Plaintiff's counsel indicated he will amend the FAC no later

19   than April 25, 2022.

20   I.   The parties believe good cause exists to extend the deadline for Defendants to

21   respond to the FAC to no later than April 29, 2022, in the interests of efficiency and judicial

22   economy, to allow for the filing of Plaintiff's second amended complaint.  The parties agree

23   Defendants will not be in default if the Court does not rule on this stipulation before April 29,

24   2022, and Plaintiff will not seek an entry of default during that period.

25   **IT IS HEREBY STIPULATED** and agreed by and between the parties as follows:  The

26   deadline for Defendants to respond to the First Amended Complaint is extended to April 29,

27   2022.  Defendants will not be in default if the Court does not rule on this stipulation before April

28   29, 2022, and Plaintiff will not seek an entry of default during that period.

1    **IT IS SO STIPULATED.**

2

3    Dated:  April 11, 2022                    SCHONBRUN SEPLOW HARRIS HOFFMAN
                                               & ZELDES, LLP

4                                              By:  /s/ Joshua A. Fields

5                                                  Joshua A. Fields

6                                              *Attorneys for Plaintiff Yoshi Hiradate*

7    Dated:  April 11, 2022                    DAVIS WRIGHT TREMAINE LLP

8                                              By:  /s/ Jacob M. Harper

9                                                  Jacob M. Harper

10                                             *Attorneys for Defendants Ralphs Grocery*
                                               *Company and The Kroger Co.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Upon the stipulation of the parties and for good cause shown, the deadline for Defendants to respond to the First Amended Complaint is extended to April 29, 2022.

**IT IS SO ORDERED.**

Date: _____, 2022

**Gary Y. Tanaka**

Gary Y. Tanaka / Judge

Honorable Gary Y. Tanaka

STIPULATION TO EXTEND DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT

<u>PROOF OF SERVICE</u>

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

       On April 11, 2022, I served the foregoing document(s) described as: **STIPULATION TO EXTEND DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT; [PROPOSED] ORDER** as follows:

Joshua A. Fields                    Attorneys for Plaintiff Yosuke Hiradate
Schonbrun Seplow Harris Hoffman & Zeldes, LLP
501 W. Broadway, Suite 800
San Diego, CA  92101
jfields@sshhzlaw.com
Tel:  (619) 400-4990
Fax:  (310) 399-7040

  _X_   (VIA MAIL) I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

  _X_   (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address **linapearmain@dwt.com**, at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

       Executed on April 11, 2022, at Los Angeles, California.

☑     State        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐     Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Lina Pearmain | |
| Print Name | Signature |

STIPULATION TO EXTEND DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT

# EXHIBIT 27

Helen I. Zeldes (SBN 220051)
*hzeldes@sshhzlaw.com*
Joshua A. Fields (SBN 242938)
*jfields@sshhzlaw.com*
**SCHONBRUN SEPLOW HARRIS**
**HOFFMAN & ZELDES LLP**
501 W. Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 400-4990

*Counsel for Plaintiff,*
*Yosuke Hiradate, on behalf of himself and*
*all others similarly situated.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

YOSUKE HIRADATE, an individual, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

RALPH'S GROCERY COMPANY, an Ohio Corporation; THE KROGER COMPANY, an Ohio Corporation; and DOES 1-50, inclusive,

Defendants.

Case No. 21TRCV00301
Assigned to the Hon. Gary Y. Tanaka, Dept. B

**CLASS ACTION**

**SECOND AMENDED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF:**

1. **Violation of California's Unfair Competition Law ("UCL"); Bus. & Prof. Code § 17200** *et seq.*
2. **Violation of California's Consumer Legal Remedies Act ("CLRA"); Cal. Civil Code §1750** *et seq.*
3. **Violation of California's False Advertising Law ("FAL"), Bus & Prof. Code § 17500** *et seq.*
4. **Breach of Implied Warranty of Merchantability, Civil Code 1971** *et seq.*
5. **Unjust Enrichment**

**JURY TRIAL DEMANDED**

Plaintiff YOSUKE HIRADATE ("Plaintiff" or "Mr. Hiradate"), on behalf of himself and all others similarly situated, brings this Second Amended Class Action Complaint against Ralph's Grocery Company ("Ralph's"), The Kroger Company ("Kroeger"), and DOES 1-50 (collectively "Defendants"), and alleges as follows based on investigation of counsel and information and belief:

## THE NATURE OF THE CASE

1.     Plaintiff Yosuke Hiradate brings this action on behalf of himself and all other similarly situated consumers, seeking relief from Defendants' practice of selling gift cards to California consumers for specified monetary values where the gift cards actually have no value and are thus worthless to the consumers.  Despite RALPH's knowledge of this issue, RALPH'S sold Mr. Hiradate a worthless gift card for which he paid a substantial amount of money to RALPH'S.  In response to Mr. Hiradate's complaints related to this business practice, RALPH'S has maintained throughout that its express company policy is that it considers all gift card sales to be "final."  KROGER did not respond at all when Mr. Hiradate reached out to it on multiple occasions after RALPH's did not refund the money for the worthless gift card sold to Mr. Hiradate.

2.     Plaintiff thus brings claims under California's Unfair Competition Law ("UCL"), the Consumer Legal Remedies Act ("CLRA"), the False Advertising Law ("FAL"), for Breach of Implied Warranty of Merchantability and for Unjust Enrichment.  Plaintiff seeks a refund of the monies paid to Defendants, actual damages, statutory damages, injunctive relief and all other relief that the Court deems is necessary and proper.

## THE PARTIES

3.     Plaintiff, at all relevant times herein, was and is a citizen and resident of Los Angeles County, California.  On December 21, 2019, Plaintiff visited Ralph's Grocery Store located at 1770 Carson Street in Torrance, California, and purchased a $500 Visa Gift Card, as confirmed on the receipt he received.  Plaintiff also incurred a $5.95 Gift Card activation fee.  As soon as Plaintiff returned home, he opened the Gift Card package and checked the balance for the first time, prior to using the Gift Card.  Plaintiff was shocked to learn the Gift Card he had just paid Ralph's $500 for actually had zero value.

4.     Defendant Ralph's Grocery Company ("RALPH'S") is an Ohio Corporation with its principal place of business in Cincinnati, Ohio.  RALPH'S is registered to do business in California and

operates in Los Angeles County, where its local headquarters are in Compton, California.  RALPH'S is a multistate corporation that operates a chain of grocery stores, selling goods to consumers throughout the country.

5.      Defendant The Kroger Company ("KROGER") is an Ohio Corporation with its principal place of business in Cincinnati, Ohio.  KROGER is registered to do business in California and operates in Los Angeles County, where its local headquarters are in Compton, California.  KROGER operates, either directly or through its subsidiaries such as defendant RALPH'S, which it wholly owns and operates, supermarkets and multi-department stores nationwide.      KROGER and RALPH's are hereinafter collectively referred to as "Defendants".

6.      Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

7.      At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over all causes of action asserted herein under the California Constitution.

9.      Venue is proper in this County because the acts and occurrences alleged herein occurred in this County, and pursuant to California *Civil Code* § 1780(d) because Defendants do business here.

## FACTUAL ALLEGATIONS

10.      On December 21 2019, Plaintiff visited the RALPH'S store at 1770 Carson Street in Torrance, California, where he saw a Visa Gift Card available for sale, with packaging that indicated it could be purchased in "Any Amount" between "$20 and $500" but that it had "NO VALUE *UNTIL*

3

*PAID FOR AND ACTIVATED AT THE REGISTER.*" (Emphasis added).  At the RALPH'S STORE, Plaintiff purchased a $500 Visa Gift Card, by requesting that $500 be added to the Gift Card by the Ralph's employee at the cash register, who agreed to do so, and the amount of the transaction was confirmed on the receipt Plaintiff received, which also demonstrated the Gift Card was activated. Plaintiff also incurred a $5.95 activation fee for the Gift Card.  As soon as Plaintiff returned home after making this purchase, he opened the Gift Card package and checked the balance for the first time, prior to using the Gift Card.  Plaintiff was shocked to learn the Gift Card he had just paid RALPH'S $500 for, in addition to the $5.95 activation fee, actually had zero value.

11.     Plaintiff quickly returned to the RALPH'S store on the same day to request a refund and get an explanation for why the Gift Card had no value when he first attempted to access it.  Plaintiff spoke to the Store Manager, Stephanie, who told him the Gift Card had been tampered with prior to purchase. Stephanie also told Plaintiff she would call the Gift Card merchant in order to file a claim for gift card fraud.  After Stephanie filed the claim on that date, she was provided a case number and 10-digit ID which she wrote on Plaintiff's Gift Card receipt.  Stephanie also told Plaintiff on that same date that what happened to his card involved someone placing a photocopy of another gift card over the Gift Card Plaintiff had purchased, prior to him checking out at RALPH'S, such that the bar card for the other gift card would be the one receiving money added to it by the RALPH'S cashier at check out.

12.     Stephanie informed Plaintiff that a staff member meeting regarding this ***exact problem*** had been held that very same morning at the store.  There, staff members at the RALPH'S store were instructed to check for any of the detectable signs of tampering on any gift cards RALPH'S sold, such as different textures between a valid card with ridges at the bar code area and one that had been tampered with and had no such ridges.

13.     Additionally, a former assistant manager from another RALPH'S store in the area named Donald, who Plaintiff also spoke to that night, also told him ***gift card tampering has been an on-going problem for years at RALPH'S***, that he believes the tampering is an inside job, i.e. that someone at RALPH's was participating in the tampering, and that RALPH'S is aware of this precise issue happening at its stores such as the one in Torrance.

14.     Thereafter, Stephanie (the RALPH'S Store Manager) told Plaintiff he needed to call the gift card company to request a new gift card, and then after calling, he would need to fax a copy of the receipt, gift card, the tampering gift card number (i.e. the photo with a gift card number that was placed over Plaintiff's gift card prior to his purchase of it at RALPH'S), and that Plaintiff would then receive a new gift card within a few weeks.  That night, Plaintiff tried to reach out to the Gift Card merchant several times at the phone number on the back of the card, in order to attempt to have this issue addressed but, despite several attempts, could not reach a service associate or anyone in management at the Gift Card merchant to resolve this matter.

15.     Thereafter, that same night Plaintiff again returned to the RALPH'S store in Torrance where Stephanie the Store Manager assisted him in submitting the documents via fax including the receipt (with her writing of the case number and 10-digit ID), a photocopy of the gift card, a photocopy of the package including the false bar code from the gift card, Plaintiff's photo ID and contact information.  Shortly thereafter, on a later date, as Stephanie the Store Manager had also suggested, Plaintiff called the 1-866-544-8062 phone number on the activation status receipt RALPH'S gave him after his purchase (which apparently is KROGER's customer relations number), but no one at KROGER ever answered his multiple calls and there was no messaging system that would allow him to leave a voicemail message.  To date, Plaintiff received no response from the gift card merchant or a replacement card with the value of $500 and the activation fee waived, despite his efforts, and Defendants also have not compensated Plaintiff for the loss.

16.     RALPH'S own position is that gift cards such as the one Plaintiff purchased are subject to tampering which can render them worthless, and which RALPH'S knows, yet it still sold the Gift Card Plaintiff purchased to him and retained $505.95 of Plaintiff's money, despite Plaintiff receiving no value in return whatsoever.  Further, RALPH'S maintains in response to consumer complaints regarding this practice its express policy is that it considers all gift card sales at its stores to be "final".  Additionally, KROGER's express policy is to prohibit individual retail stores it owns such as RALPH'S from directly refunding gift card purchases to consumers who paid money to RALPH'S for gift cards that are worthless.  KROGER maintains such an express policy even though KROGER does not respond to

attempts by consumers such as Plaintiff to obtain a refund for valueless gift cards sold at RALPH's stores and provides no voicemail messaging system on which a consumer can leave a message for it.

17.     Subsequently, Plaintiff has learned of numerous consumers at RALPH'S stores, including without limitation at RALPH'S stores in California, who have been similarly affected by purchasing a gift card at RALPH'S which was actually worthless, and that Defendants been aware of the issue of worthless gift card sold to consumers at RALPH's stores, for many years.  Despite their knowledge of this issue, Defendants improperly put the burden on the victimized consumer to attempt to obtain proper value for the gift cards after the purchase, even though it was Defendants' stores that sold the consumers worthless gift cards, at full price, for their own profit.

18.     In a March 1, 2012 blog posted entitled "**Scammers Hit Grocery Store Gift Card Kiosk, Swap Out Empty Cards for New Ones,**" on the Consumerist.com website, operated by Consumer Reports, one consumer writes that an employer had purchased numerous $100 gift cards at a RALPH's store, which turned out to be valueless at purchase, and the "grocery store blame[d] card-switching thieves."[1]  The post also noted that both RALPH'S and parent company KROGER were specifically notified by the consumer in that instance of the problem of the valueless gift cards being sold at RALPH'S stores.  Further, the consumer posed the question of why does RALPH'S "not keep the 'real' cards behind a desk or locked up to prevent this"?  The consumer also suggested RALPH'S should "just do what Costco does and have the real thing in a safe place."

19.     Similarly, in a May 13, 2015 blog post entitled "**PSA: Don't Buy US Bank Visa Gift Cards from Ralphs / Kroger**" on the Travel With Grant website blog, it was noted by the blogger Grant that, several days prior to the post, he "was at a local Ralphs (Kroger) grocery store in Huntington Beach, CA and bought a $500 Visa Gift Card".[2]  Grant posted that, "shortly after purchasing the card (like 5 minutes later)," he discovered it was valueless, so he went back to the RALPH'S store and was told by the Store Manager to call and speak to a KROGER agent, which he did. Grant also noted that the Store Manager then discovered numerous other compromised gift cards at the RALPH'S store during that visit and "shared with me a similar story where someone bought 3 $500 Visa Gift Cards on Christmas Eve"

---

[1] https://www.consumerist.com/2012/03/01/scammers-hit-grocery-store-gift-card-kiosk-swap-out-empty-cards-for-new-ones/index.html, last visited April 10, 2022.

[2] https://travelwithgrant.boardingarea.com/2015/05/13/psa-dont-buy-us-bank-visa-gift-cards-from-ralphs-kroger/, last visited April 10, 2022.

SECOND AMENDED COMPLAINT

with no value.  The comments below the blog post show numerous additional consumers complaining of purchasing valueless gift cards at RALPH's up to and including in 2022.

20.   In an August 11, 2018 CBS News report out of Dallas Fort Worth, a Federal Trade Commission attorney M. Hassan Aijaz, explained how numerous gift cards sold at KROGER in Texas could have been compromised, by something as simple as hackers using pen and paper to write down the bar codes visible on the shelves of KROGER stores.[3]  In that instance, other individuals apparently made purchases a RALPH'S store in California with money that should have been on the consumer's cards purchased a KROGER's store in Texas.

21.   As recently as **February 2022**, a consumer in the Los Angeles area complained on an internet forum designed to raise awareness about unscrupulous businesses that he:

> purchased a Visa gift card for the amount $500 … on [] Feb 15 at the Burbank, CA on victory Blvd., only to find out that the gift card that they sold me was a scam and they couldn't do anything to refund my money. I called the number on the back of the gift card only to be placed on hold for an hour and a half and nobody picked up.  called corporate office in Compton, CA only to hear prompts and was never able to get a customer service representative on the phone.  Now… I'm out $500 because Ralphs supermarket can not and will not refund my money.
>
> And Luis the manager at ralphs was extremely rude and hung up on me, after he admitted on the phone that he know that some of the gift cards are compromised but still sells the gift cards to their customers.[4]

22.   Plaintiff is informed and believes that, unlike Defendants, retailers such as Costco Wholesale Corporation ("Costco") take reasonable and necessary precautions to prevent the sale of valueless and/or compromised gift cards at their stores by, for example, restricting the public from having access to gift cards on their shelves by keeping them behind a counter where consumers who want to purchase gift cards must request them from an attendant.

23.   Defendants have not adequately taken preventative measures to prevent the sale of valueless gift cards at their stores.  Defendants have not adequately trained or required their associates to carefully and consistently inspect gift cards prior to sale for evidence of tampering, such as checking for any of the detectable signs of tampering on any gift cards sold at their stores, such as different textures between a valid card with ridges at the bar code area and one that had been tampered with and had no

---

[3] https://www.cbsnews.com/dfw/news/its-a-big-scam-retailers-respond-to-gift-card-theft/, last visited April 10, 2022.

[4] https://www.complaintsboard.com/ralphs-grocery-b120119, last visited April 24, 2022.

7

SECOND AMENDED COMPLAINT

such ridges.  Defendants also have not adequately restricted the public from having access to gift cards on the shelves of their stores by keeping them behind a counter where consumers who want to purchase gift cards must request them from an attendant, which is a preventative measures Plaintiff is informed and believes retailers such as Costco already engage in.

24.    Defendants must be required to take such action to prevent valueless gift cards from being sold at their stores, or if not, Defendants should not be selling these gift cards, or be allowed to sell these gift cards at all, considering their actual knowledge of the pervasive tampering issue at RALPH's stores, and that consumers such as Plaintiff end up having purchased gift cards with no value at all.

## CLASS DEFINITION AND CLASS ALLEGATIONS

25.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated as members of the Class (collectively referred to hereinafter as the "Class") defined as follows:

(1) Class: All persons who purchased a gift card from a RALPH's and/or KROGER store, for a specified monetary amount, and who were not able to utilize the total monetary amount of gift card value purchased, because the total monetary amount was not available on the gift card after purchase.

26.    **Numerosity:** The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes the total number of class members is at least in the thousands and that the members of the Class are numerous.  While the exact number and identities of all Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

27.    **Commons Questions of Law and Fact Predominate:** There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  The common questions of law and fact include, but are not limited to, the following:

i.  Whether Defendants were aware of the alleged tampering on gift cards prior to sales at their stores;

ii. Whether Defendants should have known that gift cards were allegedly tampered with at their stores prior to sale;

iii. Whether Defendants' sale of gift cards for a specified monetary amount to consumers who were not able to utilize the total monetary amount of gift card value purchased, because the appropriate monetary amount was not available on the gift card after purchase, violated the California's Unfair Competition Law, *Business & Professions Code* § 17200, *et seq.;*

iv. Whether Defendants' sale of gift cards for a specified monetary amount to consumers who were not able to utilize the total monetary amount of gift card value purchased, because the appropriate monetary amount was not available on the gift card after purchase, violated the California's *Civil Code* §1750, *et seq.;*

v. Whether Defendants' sale of gift cards for a specified monetary amount to consumers who were not able to utilize the total monetary amount of gift card value purchased, because the appropriate monetary amount was not available on the gift card after purchase, violated California's False Advertising Law, *Business & Professions Code* § 17500, *et seq.;*

vi. Whether Defendants' sale of gift cards for a specified monetary amount to consumers who were not able to utilize the total monetary amount of gift card value purchased, because the appropriate monetary amount was not available on the gift card after purchase, was a breach of the implied warranty of merchantability and thus violated the California's *Civil Code* §1971, *et seq.;*

vii. Whether Defendants were unjustly enriched as a result of their conduct in relation to the gift card sales;

viii. The nature and extent of damages and other remedies to which the conduct of Defendant entitles Class members.

28. These common questions of law and fact predominate over questions that may affect individual class members in that the claims of all Class members for each of the claims herein can be established with common proof. Additionally, a class action would be "superior to other available

methods for the fair and efficient adjudication of the controversy" because: (1) Class members have little interest in individually controlling the prosecution of separate actions because the individual damages claims of each Class member are not substantial enough to warrant individual filings; (2) Plaintiff is not aware of other lawsuits against Defendant commenced by or on behalf of members of the Class; and (3) the conduct alleged is common to all Class members and because resolution of the claims of Plaintiff will resolve the claims of the remaining Class, certification does not pose any manageability problems.

29.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's conduct as they all purchased a gift card from a RALPH's and/or KROGER store, for a specified monetary amount, and were not able to utilize the total monetary amount of gift card value purchased, because the appropriate monetary amount was not available on the gift card after purchase.

30.    **Adequacy of representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.   Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

31.    **Superiority of Class Action:** Plaintiff and the members of the Class suffered and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damages Claims of each Class member are not substantial enough to warrant individual filings.  In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice.

32.    Adjudication of individual Class members' claims with respect to Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

//

//

**FIRST CAUSE OF ACTION**

**Violation of Unfair Competition Law**

***Business & Professions Code § 17200  et seq.***

**(By Plaintiff and the Class Against Defendants RALPH'S and KROGER and Does 1-50)**

33.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-30 as though fully set forth herein.

34.     California *Business & Professions Code* § 17200 *et seq.* (hereafter referred to as the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition," which include any unlawful, unfair, or fraudulent business practice.

35.     The UCL imposes strict liability.  Plaintiff need not prove that Defendants intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices occurred.

36.     Defendants' selling of gift cards with specified values when the gift cards actually have zero value to the consumer who purchased them, is an unlawful, unfair, and fraudulent business practice prohibited by the UCL.

37.     In carrying out their selling of gift cards for specified values when the gift cards actually have zero value to the consumer who purchased them, Defendants have violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.  Defendants' business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

38.     The harm to Plaintiff and members of the public outweighs the utility of Defendants' practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

39.     Defendants' practices are additionally unfair because they have caused Plaintiff and members of the public substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and which is not an injury the consumers themselves could have reasonably avoided.

40.     Defendants' practices, as set forth above, have misled the general public in the past and will mislead the general public in the future.  Consequently, Defendants' practices constitute an unlawful and unfair business practice within the meaning of the UCL.

41.     Pursuant to *Business and Professions Code* § 17204, an action for unfair competition may be brought by any "person … who has suffered injury in fact and has lost money or property as a result of such unfair competition."  Defendants' misleading business practice – selling gift cards for specified values when the gift cards actually have zero value to the consumer who purchased them – directly and seriously injured Plaintiff and other members of the public who were thus deprived of their property rights.

42.     The unlawful, unfair and fraudulent business practices of Defendants are ongoing and present a continuing threat that members of the public will be misled into believing they are purchasing gift cards for specified values but, like Plaintiff, will be deprived of that value and damaged financially.

43.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to take preventative measures to stop the sale of valueless gift cards at their stores, such as adequately training or requiring their associates to carefully and consistently inspect gift cards prior to sale for evidence of tampering, adequately restrict the public from having access to gift cards on the shelves of their stores by keeping them behind a counter, and/or cease this unfair business practice entirely by refraining from the sale of pre-paid gift cards entirely, as well as disgorgement and restitution of the money Defendants wrongfully obtained from Plaintiff associated with its unfair business practice.

## SECOND CAUSE OF ACTION

### Violation of the Consumer Legal Remedies Act

### Civil Code § 1750 et seq.

### (By Plaintiff and the Class Against RALPH'S and KROGER and Does 1-50)

44.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-41 as though fully set forth herein.

45.     The Consumer Legal Remedies Act (hereafter referred to as the "CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices.  *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997).  Its self-declared purpose

is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection.  Cal. Civ. Code § 1760.  The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes.  *Id.*

46.    More specifically, Plaintiff alleges that Defendants have violated paragraphs 4, 5, 9 and 14 of *Civil Code* Section 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein.  Defendants' unfair and deceptive business practices in carrying out the selling of gift cards for specified values when the gift cards actually have zero value to the consumer who purchased them, as described herein, were and are intended to and did and do result in Plaintiff, and other members of the public, being deprived of their right to a gift card with the value they paid for actually on it, in violation of the CLRA. Cal. Civ. Code § 1770 *et seq.* Plaintiff, and other members of the class, were damaged in that they paid purchase prices for gift cards higher than the zero value they received on the cards.

47.    As a result of Defendants' unfair and/or deceptive business practices, Plaintiff and other members of the class, as a result of the business practice alleged herein, have suffered damage in that they lost a vested right in gift cards at specified values, because Defendants misrepresented that the offers for sale conferred rights to Plaintiff, and other members of the class, which they did not.   Plaintiff seeks and is entitled to an order permanently enjoining Defendants from continuing to engage in the unfair and deceptive business practices alleged herein.

48.    Pursuant to section 1782 of the CLRA, Plaintiff has notified Defendants in writing of the particular violations of Section 1770 of the CLRA Plaintiff alleges Defendants committed.  In response, Defendants have not agreed to provide the monetary compensation Plaintiff demanded for himself and the members of the class.

### **THIRD CAUSE OF ACTION**

**Violation of the False Advertising Law**

**Business & Professions Code § 17500, et seq.**

**(By Plaintiff and the Class Against RALPH'S and KROGER and Does 1-50)**

49.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-46 as if fully set forth herein.

50.     California *Business & Professions Code* § 17500 provides that "[I]t is unlawful for any … corporation … with intent … to dispose of … personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever … any statement … which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading…"

51.     Defendants misled consumers by selling gift cards that could be purchased in "Any Amount," "between $20 and $500" and according to the packaging have value once "*PAID FOR AND ACTIVATED AT THE REGISTER*," when the gift cards actually have zero value to the consumers who purchased them at RALPH'S.  (Emphasis added)

52.     As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff, along with other members of the class, has suffered injury in fact and has lost money and/or property.

53.     The misleading and false advertising described herein presents a continuing threat to Plaintiff, the class, and other members of the public, in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendants' conduct will continue to cause irreparable injury to members of the public unless adequate preventative measures are required or the practices are enjoined or restrained, permanently.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability
### *Civil Code § 1971 et seq.*

### (By Plaintiff and the Class Against RALPH'S and KROGER and Does 1-50)

54.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-51 as if fully set forth herein.

55.     Plaintiff purchased the Visa Gift Card from RALPH's for $500 and paid a $5.95 activation fee for a total of $505.95.

56.     At the time of the purchase, RALPH's was in the business of selling pre-paid gift cards such as the one Plaintiff purchased.

57.     The Visa Gift Card Plaintiff purchased in the amount of $500 was actually valueless, and thus was not fit for the ordinary purpose for which such gift cards are used, pursuant to *Civil Code* § 1791.1(a)(2).

58.     Plaintiff took reasonable steps to notify RALPH'S, and at RALPH'S request, to also notify KROGER, at its customer service telephone line, that the gift card did not have the expected quality, i.e. a $500 value.

59.     Plaintiff was harmed as the gift card he purchased for $500 and a $5.95 activation fee did not have any value at all.

60.     Defendants' failure to adequately take preventative measures to prevent the sale of valueless gift cards at their stores, such as Defendants' failure to adequately train or require their associates to carefully and consistently inspect gift cards prior to sale for evidence of tampering, and failure to adequately restrict the public from having access to gift cards on the shelves of their stores by keeping them behind a counter where consumers who want to purchase gift cards must request them from an attendant, were a substantial factor in causing Plaintiff harm.

61.     As a result, Plaintiff and the putative class have been damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

### (By Plaintiff Against RALPH'S and KROGER and Does 1-50)

62.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-59 as if fully set forth herein.

63.     When Plaintiff purchased the Visa Gift Card from the Ralph's Grocery Store located at 1770 Carson Street in Torrance, California, he paid $500 for the Gift Card and also incurred a $5.95 activation fee.  Thus, Defendants received a $505.95 benefit from the Gift Card transaction with Plaintiff, who in return received a valueless Gift Card from the RALPH'S store.  Despite his numerous requests, Defendants retained the $505.95 benefit they received from Plaintiff, at his sole expense, and the $505.95 has not been otherwise returned to him by Defendants, who have therefore been unjustly enriched as a result of their business practice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the class, prays for relief and judgment as follows:

1. For certification of the putative class;

2. For restitution and disgorgement of the money and property wrongfully obtained by Defendants by means of their herein-alleged unlawful, unfair and fraudulent business practices;

3. An award of general damages according to proof;

4. An award of special damages according to proof;

5. Exemplary damages in light of Defendants' fraud, malice, and conscious disregard for the rights of Plaintiff;

6. Injunctive relief, including without limitation, public injunctive relief, in the form of an order requiring Defendants to take preventative measures to prevent the sale of valueless gift cards at their stores and/or a permanent injunction enjoining Defendants from engaging in the unlawful, unfair, and fraudulent business practices alleged herein;

7. For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation, the CLRA, the common law private attorney general doctrine, *Code of Civil Procedure* § 1021.5, and *Civil Code* § 1794;

8. For costs of suit;

9. For such other and further relief as the court deems just and proper.

Dated: April 25, 2022

                    **SCHONBRUN SEPLOW HARRIS**
                    **HOFFMAN & ZELDES LLP**

                    By: _____
                    HELEN I. ZELDES
                    JOSHUA A. FIELDS

                    *Counsel for Plaintiff,*
                    *Yosuke Hiradate, on behalf of himself and*
                    *all others similarly situated.*

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiff YOSUKE HIRADATE hereby demands a jury trial.

3

4 Dated: April 25, 2022            **SCHONBRUN SEPLOW HARRIS**
                                    **HOFFMAN & ZELDES LLP**

5

6

7                   By: _____
                            HELEN I. ZELDES
                            JOSHUA A. FIELDS

8

9                   *Counsel for Plaintiff,*
                  *Yosuke Hiradate, on behalf of himself and*
                  *all others similarly situated.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF PROPER VENUE BY YOSUKE HIRADATE</u>

I, Yosuke Hiradate, declare as follows:

1.   I am a Plaintiff in this action, and I am a resident and citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, I could and would testify competently thereto.

2.   The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code § 1780(d) in that Los Angeles County is a county where Defendant does business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Torrance, California on April 15, 2021.


Yosuke Hiradate

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 9415 Culver Boulevard, #115, Culver City, CA 90232.

On **April 25, 2022**, I caused the service of the following document(s) described as:

**SECOND AMENDED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF**

on all interested parties in this action by the following means of service:

Jacob M. Harper
*jharper@dwt.com*
James H. Moon
*jamesmoon@dwt.com*
K. Peter Bae
*peterbae@dwt.com*
**DAVIS WRIGHT TREMAINE LLP**
865 S Figueroa St, Ste 2400,
Los Angeles, CA 90017
Telephone: 213-633-6800
Facsimile: 213-633-6899

*Attorneys for Defendants RALPH'S GROCERY COMPANY, an Ohio Corporation;*
*THE KROGER COMPANY, an Ohio Corporation.*

  **X**   **[BY E-SERVICE]** - Electronic Service through One Legal, LLC. I affected electronic service by submitting an electronic version of the documents to One Legal, LLC, www.onelegal.com, which caused the documents to be sent by electronic transmission to the person(s) at the electronic service address(es) listed above.

  **X**   **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 25, 2022**, at Culver City, California.

_____
Carlos Gallegos

# EXHIBIT 28

Electronically FILED by Superior Court of California, County of Los Angeles on 05/17/2022 12:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Wong, Deputy Clerk

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| DAVIS WRIGHT TREMAINE LLP<br>Jacob M. Harper (SBN 259463) James H. Moon (SBN 268215); Peter K. Bae (SBN 329158)<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566<br>   TELEPHONE NO.: (213) 633-6800   FAX NO. *(Optional)*: (213) 633-6899<br>   E-MAIL ADDRESS: jacobharper@dwt.com; jamesmoon@dwt.com; peterbae@dwt.com<br>   ATTORNEY FOR *(Name)*: Defendants Ralphs Grocery Company & The Kroger Co. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 825 Maple Ave. |
| MAILING ADDRESS: 825 Maple Ave. |
| CITY AND ZIP CODE: Torrance, CA 90503 |
| BRANCH NAME: Torrance Courthouse |
| PLAINTIFF/PETITIONER: YOSUKE HIRADATE |
| DEFENDANT/RESPONDENT: RALPH'S GROCERY COMPANY, et al. |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 21TRCV00301 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 1, 2022    Time: 8:30 a.m.    Dept.: B    Div.:    Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* James H. Moon

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Defendants Ralph's Grocery Company & The Kroger Co. (Defendants)
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* April 19, 2021
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
   
       (1) ☐  have not been served *(specify names and explain why not):*
   
       (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
   
       (3) ☐  have had a default entered against them *(specify names):*
   
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action):* Plaintiff asserts putative claims against Defendants for violation of California's Unfair Competition Law (UCL), Consumers Legal Remedies Act (CLRA), and False Advertising Law (FAL), as well as for common law breach of implied warranty of merchantability and unjust enrichment based on the sale of a $500 gift card that was allegedly tampered with by third parties prior to the sale.

| | | Page 1 of 5 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: YOSUKE HIRADATE | CASE NUMBER:<br>21TRCV00301 |
| DEFENDANT/RESPONDENT: RALPHS GROCERY COMPANY, et al. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff seeks restitution, damages, injunctive relief, and attorneys' fees on behalf of a class of individuals who allegedly purchased, and was unable to redeem, a gift card from Defendants' stores.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial     ☐ a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*  No trial date should be set because the case is not yet at issue.

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 3 days

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial     ☒ by the attorney or party listed in the caption     ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                        f.  Fax number:
e.  E-mail address:                                          g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel     ☒ has     ☐ has not     provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party     ☐ has     ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** *(if available).*

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*  CRC 3.811(b)(2)

---

**CASE MANAGEMENT STATEMENT**


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: YOSUKE HIRADATE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: RALPHS GROCERY COMPANY, et al. | 21TRCV00301 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: YOSUKE HIRADATE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: RALPHS GROCERY COMPANY, et al. | 21TRCV00301 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motion for summary judgment

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Third-Party Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: YOSUKE HIRADATE<br>DEFENDANT/RESPONDENT: RALPHS GROCERY COMPANY et al. | CASE NUMBER:<br>21TRCV00301 |

**17. Economic litigation**

a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 17, 2022

James H. Moon
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]          **CASE MANAGEMENT STATEMENT**          **Page 5 of 5**


American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE BY ELECTRONIC AND U.S. MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On May 17, 2022, I served the foregoing document(s) described as:  **DEFENDANTS' CASE MANAGEMENT STATEMENT** by forwarding a portable document file to the electronic mail address(es) below:

**EMAIL ADDRESSES:**  jfields@sshhzlaw.com; hzeldes@sshhzlaw.com; cgallegos@sshhzlaw.com

☒      **(FROM ELECTRONIC MAIL ADDRESS** monicadavis@dwt.com**)** at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

**SERVICE ADDRESS**

Joshua A. Fields                                          Attorneys for Plaintiff Yosuke Hiradate
Helen Zeldes
Carlos Gallegaos
Schonbrun Seplow Harris Hoffman & Zeldes, LLP
501 W. Broadway, Suite 800
San Diego, CA  92101
Tel:  (619) 400-4990
Fax:  (310) 399-7040

☒      I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on May 17, 2022, at Los Angeles, California.

☒      State      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐      Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Monica Davis
_____            _____
Print Name                                                Signature

PROOF OF ELECTRONIC & U.S. MAIL SERVICE
4842-3383-6695v.2 -

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 29

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Helen I. Zeldes - SBN 2200751 / Joshua A. Fields - SBN 242938<br>SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP<br>501 W. Broadway, Suite 800<br>San Diego, CA 92101 | *FOR COURT USE ONLY* |

TELEPHONE NO.: 619-400-4990          FAX NO. *(Optional)* 310-399-7040
E-MAIL ADDRESS: hzeldes@sshhzlaw.com, jfields@sshhzlaw.com
ATTORNEY FOR *(Name):* Plaintiff Yosuke Hiradate, an individual, on behalf of himself and all others similarly situated.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS: 825 Maple Avenue
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Torrance Courthouse

PLAINTIFF/PETITIONER:  Yosuke Hiradate, an individual, on behalf of himself and all others similarly situated.

DEFENDANT/RESPONDENT:  Ralph's Grocery Company and The Kroger Company, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 21TRCV00301 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 1, 2022          Time: 8:30 a.m.          Dept: B          Div.:          Room:

Address of court *(if different from the address above):*

[ ] **Notice of Intent to Appear by Telephone,** by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff Yosuke Hiradate
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in   [x] complaint          [ ] cross-complaint          *(Describe, including causes of action):*
      Claims for violations of Bus. & Prof. Code 17200, et seq. ("UCL"), Civil Code 1750, et seq. ("CLRA"), and Bus. & Prof. Code 17500, et seq. ("FAL"), and unjust enrichment against Ralph's & Kroger for selling a valueless gift card but charging $505.95.

**Page 1 of 5**

CM-110

| PLAINTIFF/PETITIONER: Yosuke Hiradate, an individual, on behalf of himself and all others similarly situated. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ralph's Grocery Company and The Kroger Company, et al. | 21TRCV00301 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Defendants Ralph's Grocery and Kroger Co. sold Plaintiff a valueless gift card while charging him $500 for the supposed card value and $5.95 to activate it.  Defendants did not return Plaintiff's money, which they've unlawfully retained.  Plaintiff seeks a public injunction and damages from Defendants on behalf of a class for engaging in this unfair and unlawful business practice.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* Five (5)

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                                         f. Fax number:

e. E-mail address:                                             g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Yosuke Hiradate, an individual, on behalf of himself and all others similarly situated. | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  Ralph's Grocery Company and The Kroger Company, et al. | 21TRCV00301 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Yosuke Hiradate, an individual, on behalf of himself and all others similarly situated. | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  Ralph's Grocery Company and The Kroger Company, et al. | 21TRCV00301 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case  *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other  *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*
Motion for Class Certification; Motion for preliminary public injunctive relief under UCL, FAL, and CLRA.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Percipient depositions | Per Code |
| Plaintiff | Written discovery (RFPs, ROGs, RFPs) | Per Code |
| Plaintiff | Expert discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER:  Yosuke Hiradate, an individual, on behalf of himself and all others similarly situated. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ralph's Grocery Company and The Kroger Company, et al. | 21TRCV00301 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*  0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  May 17, 2022

Joshua A. Fields
_____
(TYPE OR PRINT NAME)

▶ */s/ Joshua A. Fields*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 9415 Culver Boulevard, #115, Culver City, CA 90232.

On **May 17, 2022**, I caused the service of the following document(s) described as:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

on all interested parties in this action by the following means of service:

Jacob M. Harper
*jharper@dwt.com*
James H. Moon
*jamesmoon@dwt.com*
Peter K. Bae
*peterbae@dwt.com*
**DAVIS WRIGHT TREMAINE LLP**
865 S Figueroa St, Ste 2400,
Los Angeles, CA 90017
Telephone: 213-633-6800
Facsimile: 213-633-6899

*Attorneys for Defendants RALPH'S GROCERY COMPANY, an Ohio Corporation;*
*THE KROGER COMPANY, an Ohio Corporation.*

  **X**    **[BY E-SERVICE]** - Electronic Service through One Legal, LLC. I affected electronic service by submitting an electronic version of the documents to One Legal, LLC, www.onelegal.com, which caused the documents to be sent by electronic transmission to the person(s) at the electronic service address(es) listed above.

  **X**    **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 17, 2022**, at Culver City, California.

_____
Carlos Gallegos

---

**PROOF OF SERVICE**

# EXHIBIT 30

1   DAVIS WRIGHT TREMAINE LLP
      Jacob M. Harper (SBN 259463)
2    *jharper@dwt.com*
      James H. Moon (SBN 268215)
3    *jamesmoon@dwt.com*
      Peter K. Bae (SBN 329158)
4    *peterbae@dwt.com*
5   865 South Figueroa Street, Suite 2400
    Los Angeles, California 90017-2566
6   Telephone:  (213) 633-6800
    Facsimile:  (213) 633-6899
7
8   *Attorneys for Defendants Ralphs Grocery*
    *Company and The Kroger Co.*
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                     **COUNTY OF LOS ANGELES**

12

13

14   YOSUKE HIRADATE, an individual, on behalf       Case No. 21TRCV00301
     of himself and all others similarly situated,   Assigned to the Hon. Gary Y. Tanaka
15
                          Plaintiff,                  **NOTICE TO STATE COURT AND TO**
16                                                    **ADVERSE PARTIES OF REMOVAL TO**
                v.                                    **FEDERAL COURT**
17
18   RALPHS GROCERY COMPANY, an Ohio                  Action Filed:     April 19, 2021
     Corporation; THE KROGER COMPANY, an              Trial Date:       n/a
19   Ohio Corporation; and DOES 1-50, inclusive,
20                        Defendants.
21
22
23
24
25
26
27
28

              NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE COURT AND TO ADVERSE PARTIES:**

  **PLEASE TAKE NOTICE THAT** on May 25, 2022, Defendants Ralphs Grocery Company and The Kroger Co. (Defendants) filed a Notice of Removal of this action to the United States District Court for the Central District of California.  A true and correct copy of the Notice of Removal in this action is attached hereto as **Exhibit A** and is served and filed herewith. The action has therefore been removed to the United States District Court for the Central District of California, and, pursuant to 28 U.S.C. § 1446(d), the State court action is stayed and "the State court shall proceed no further unless and until the case is remanded."

DATED: May 25, 2022      DAVIS WRIGHT TREMAINE LLP

             By: _____
              Jacob M. Harper

             *Attorneys for Defendants Ralphs Grocery*
             *Company and The Kroger Co.*

# EXHIBIT A

## Omitted for Purposes of Notice of Removal to United States District Court

1

<u>PROOF OF SERVICE</u>

2

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

3

4

        On May 25, 2022, I served the foregoing document(s) described as: **NOTICE TO STATE COURT AND TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** as follows:

5

6

Joshua A. Fields                                        Attorneys for Plaintiff Yosuke Hiradate
Schonbrun Seplow Harris Hoffman & Zeldes,
LLP

7

501 W. Broadway, Suite 800

8

San Diego, CA  92101
jfields@sshhzlaw.com

9

Tel:  (619) 400-4990
Fax:  (310) 399-7040

10

11

  X   (VIA MAIL) I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

12

13

14

15

16

  X   (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address **linapearmain@dwt.com**, at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

17

        Executed on May 25, 2022, at Los Angeles, California.

18

☑     State       I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

19

20

☐     Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21

22

23

_____    _____
       Lina Pearmain

24

       Print Name                               Signature

25

26

27

28

# EXHIBIT 31

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  21TRCV00301

YOSUKE HIRADATE VS RALPH'S GROCERY COMPANY, ET AL.

**Filing Courthouse:**  Torrance Courthouse

**Filing Date:**  04/19/2021
**Case Type:**  Other Commercial/Business Tort (not fraud/ breach of contract) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**06/01/2022** at 08:30 AM in Department B at 825 Maple Ave., Torrance, CA 90503
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

FIELDS JOSHUA A. - Attorney for Plaintiff

HARPER JACOB M. - Attorney for Defendant

HIRADATE YOSUKE - Plaintiff

RALPH'S GROCERY COMPANY - Defendant

THE KROGER COMPANY - Defendant

ZELDES HELEN IRENE - Attorney for Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**05/17/2022** Case Management Statement
Filed by Yosuke Hiradate (Plaintiff)

**05/17/2022** Case Management Statement
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**04/25/2022** Second Amended Complaint
Filed by Yosuke Hiradate (Plaintiff)

**04/14/2022** Stipulation to Extend Deadline to Respond to First Amended Complaint; [Proposed] Order
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**04/08/2022** Notice of Continuance
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**04/01/2022** Stipulation to Extend Deadline to Respond to First Amended Complaint; [Proposed] Order
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**03/11/2022** Substitution of Attorney
Filed by Yosuke Hiradate (Plaintiff)

**02/24/2022** Declaration (of Jacob M. Harper Regarding Inability to Meet and Confer [CCP 430.41])
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**02/02/2022** Minute Order ( (Case Management Conference))
Filed by Clerk

**01/26/2022** Notice (of timely Filing and Service of First Amended Complaint)
Filed by Yosuke Hiradate (Plaintiff)

**01/25/2022** Case Management Statement
Filed by Ralph's Grocery Company (Defendant)

**01/25/2022** Notice of Non-Opposition to Demurrer to Complaint
Filed by Ralph's Grocery Company (Defendant)

**01/24/2022** Case Management Statement
Filed by Yosuke Hiradate (Plaintiff)

**01/20/2022** Amended Complaint (First (1st))
Filed by Yosuke Hiradate (Plaintiff)

**09/22/2021** DEFENDANTS NOTICE REGARDING ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND HEARING ON DEMURRER
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**07/13/2021** Certificate of Mailing for ([Request for Entry of Default / Judgment])
Filed by Clerk

**07/13/2021** Notice of Rejection of Electronic Filing
Filed by Clerk

**07/07/2021** Declaration (of Jacob Harper ISO Demurrer)
Filed by Ralph's Grocery Company (Defendant)

**07/07/2021** Demurrer - without Motion to Strike
Filed by Ralph's Grocery Company (Defendant)

**06/04/2021** Declaration (Declaration of Jacob Harper Regarding Meet Inability to Meet and Confer CCP 430.41)
Filed by Ralph's Grocery Company (Defendant)

**04/27/2021** Proof of Personal Service
Filed by Yosuke Hiradate (Plaintiff)

**04/27/2021** Proof of Personal Service
Filed by Yosuke Hiradate (Plaintiff)

**04/21/2021** Notice of Case Management Conference
Filed by Clerk

**04/21/2021** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**04/19/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**04/19/2021** Summons (on Complaint)
Filed by Yosuke Hiradate (Plaintiff)

**04/19/2021** Civil Case Cover Sheet
Filed by Yosuke Hiradate (Plaintiff)

**04/19/2021** Complaint
Filed by Yosuke Hiradate (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**04/12/2022** at 08:30 AM in Department B
Case Management Conference **- Not Held - Rescheduled by Court**

**02/02/2022** at 08:30 AM in Department B, Gary Y. Tanaka, Presiding
Case Management Conference **- Held - Continued**

**02/02/2022** at 08:30 AM in Department B
Hearing on Demurrer **-** without Motion to Strike **- Not Held - Vacated by Court**

**12/21/2021** at 08:30 AM in Department B
Hearing on Demurrer **-** without Motion to Strike **- Not Held - Rescheduled by Court**

**12/21/2021** at 08:30 AM in Department B
Case Management Conference **- Not Held - Rescheduled by Court**

**10/19/2021** at 08:30 AM in Department B
Case Management Conference **- Not Held - Rescheduled by Court**

**07/26/2021** at 08:30 AM in Department B
Order to Show Cause Re: Failure to File Proof of Service **- Not Held - Vacated by Court**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
04/27/2021

**05/17/2022** Case Management Statement
Filed by Yosuke Hiradate (Plaintiff)

**05/17/2022** Case Management Statement
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**04/25/2022** Second Amended Complaint
Filed by Yosuke Hiradate (Plaintiff)

**04/14/2022** Stipulation to Extend Deadline to Respond to First Amended Complaint; [Proposed] Order
Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**04/12/2022** at 08:30 AM in Department B
Case Management Conference **- Not Held - Rescheduled by Court**

**04/08/2022** Notice of Continuance

Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**04/01/2022** Stipulation to Extend Deadline to Respond to First Amended Complaint; [Proposed] Order

Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**03/11/2022** Substitution of Attorney

Filed by Yosuke Hiradate (Plaintiff)

**02/24/2022** Declaration (of Jacob M. Harper Regarding Inability to Meet and Confer [CCP 430.41])

Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**02/02/2022** at 08:30 AM in Department B, Gary Y. Tanaka, Presiding

Case Management Conference **- Held - Continued**

**02/02/2022** at 08:30 AM in Department B

Hearing on Demurrer - without Motion to Strike **- Not Held - Vacated by Court**

**02/02/2022** Minute Order ( (Case Management Conference))

Filed by Clerk

**01/26/2022** Notice (of timely Filing and Service of First Amended Complaint)

Filed by Yosuke Hiradate (Plaintiff)

**01/25/2022** Case Management Statement

Filed by Ralph's Grocery Company (Defendant)

**01/25/2022** Notice of Non-Opposition to Demurrer to Complaint

Filed by Ralph's Grocery Company (Defendant)

**01/24/2022** Case Management Statement

Filed by Yosuke Hiradate (Plaintiff)

**01/20/2022** Amended Complaint (First (1st))

Filed by Yosuke Hiradate (Plaintiff)

**12/21/2021** at 08:30 AM in Department B

Hearing on Demurrer - without Motion to Strike **- Not Held - Rescheduled by Court**

**12/21/2021** at 08:30 AM in Department B

Case Management Conference **- Not Held - Rescheduled by Court**

**10/19/2021** at 08:30 AM in Department B

Case Management Conference **- Not Held - Rescheduled by Court**

**09/22/2021** DEFENDANTS NOTICE REGARDING ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND HEARING ON DEMURRER

Filed by Ralph's Grocery Company (Defendant); The Kroger Company (Defendant)

**07/26/2021** at 08:30 AM in Department B

Order to Show Cause Re: Failure to File Proof of Service **- Not Held - Vacated by Court**

**07/13/2021** Notice of Rejection of Electronic Filing

Filed by Clerk

**07/13/2021** Certificate of Mailing for ([Request for Entry of Default / Judgment])

Filed by Clerk

**07/07/2021** Demurrer - without Motion to Strike

Filed by Ralph's Grocery Company (Defendant)

**07/07/2021** Declaration (of Jacob Harper ISO Demurrer)

Filed by Ralph's Grocery Company (Defendant)

**06/04/2021** Declaration (Declaration of Jacob Harper Regarding Meet Inability to Meet and Confer CCP 430.41)

Filed by Ralph's Grocery Company (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/27/2021

**04/27/2021** Proof of Personal Service
Filed by Yosuke Hiradate (Plaintiff)

**04/27/2021** Proof of Personal Service
Filed by Yosuke Hiradate (Plaintiff)

**04/21/2021** Notice of Case Management Conference
Filed by Clerk

**04/21/2021** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**04/19/2021** Complaint
Filed by Yosuke Hiradate (Plaintiff)

**04/19/2021** Summons (on Complaint)
Filed by Yosuke Hiradate (Plaintiff)

**04/19/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**04/19/2021** Civil Case Cover Sheet
Filed by Yosuke Hiradate (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/27/2021